# Good *against* Good.

A defendant cannot avail himself, by way of set-off, of a debt against the plaintiff for which a suit is pending, on an appeal from arbitrators, by the party offering such set-off.

ERROR to the district court of *Lancaster* county.

This was an action of *assumpsit* for goods sold and delivered, money lent, &c. by John Good against Joseph Good, in which the defendant pleaded payment, and this special set-off: that the plaintiff was indebted to him by recognizances in the orphans' court to an amount exceeding 6000 dollars. To this the plaintiff replied, that a suit had been brought against him on this recognizance, which had been referred to arbitrators, under the compulsory arbitration law, and that there had been an award made in favour of the plaintiff in that suit, for 1524 dollars 60 cents, from which the said plaintiff had appealed, and the said suit was yet pending and undetermined. The defendant demurred to this replication, and the plaintiff joined in the demurrer. The court gave judgment for the defendant. This was the error assigned.

*Norris*, for plaintiff in error, relied upon the great inconvenience which would result from permitting a set-off to be allowed after an award had been made and an appeal entered. He cited the *Arbitration act of* 1810, *sects.* 11, 12, 13, 14; Franklin *v.* Mackey, 16 *Serg. & Rawle* 117; Martin *v.* Ives, 17 *Serg. & Rawle* 364.

*Jenkins*, contra, cited Bakerville *v.* Brown, 2 *Burr.* 1229; *Mort.*

[Good v. Good.]

*on Set-off* 38; 6 *Law Lib.* 9; Baker *v.* Graham, 3 *Wils.* 396; Waln's Assignees *v.* The Bank of North America, 8 *Serg. & Rawle* 88; Metzgar *v.* Metzgar, 1 *Rawle* 227.

The opinion of the Court was delivered by

SERGEANT, J.—The plaintiff, John Good, brought this action of *assumpsit* to February term 1827, in the district court of the city and county of Lancaster, against the defendant, Joseph Good, and declared for goods sold and delivered, and the common money counts. The defendant pleaded a set-off of a debt due by the plaintiff on a recognizance in the orphans' court, conditioned for the payment of an annual sum to his mother Barbara Good, assigned by her to the defendant. The plaintiff replied, an action brought by the defendant against the plaintiff to December term 1832, in the same court for the same cause of action, which was arbitrated and an award made for the defendant for 1524 dollars 60 cents, from which award the defendant (plaintiff in that suit) appealed, and the action was pending. The defendant demurred, and the question is, whether the defendant can avail himself of the debt by way of set-off, under these circumstances.

A claim on which suit has been brought and award made, and an appeal entered, is placed by our acts of assembly in a peculiar situation. The tenth section of the act of the 20th of March 1810, declares, that the award, from the time of entry on the prothonotary's docket, shall have the effect of a judgment against the party against whom it is made, and be a lien on his real estate until such judgment be reversed on appeal. Section eleven provides, that *the appellant* shall not be permitted to produce as evidence in court, any books, papers or documents which he or they shall have withheld from the arbitrators. Section twelve requires the plaintiff, on appealing, to enter into recognizance, with surety, conditioned that if he shall not recover, in the event of the suit, a sum greater or a judgment more favourable than the report of the arbitrators, he shall pay all costs that shall accrue in consequence of the appeal, and one dollar per day for each and every day lost by the defendant in attending to such appeal. And by the act of the 28th of March 1820, section 1, no person appealing from an award of arbitrators is allowed to withdraw his appeal without the written consent of the adverse party first had and obtained.

All these provisions seem to make it incumbent on the plaintiff appealing, to go on and terminate his suit in the same court, and in the same cause in which it has been begun: and to forbid his drawing the matters in controversy *ad aliud examen,* by which he might evade the restrictions, the legislature has thought proper to impose and increase litigation instead of abridging it. If a set-off were permitted, the plaintiff, after having acquired one lien against the defendant's real estate by the award, might obtain a certificate under the defalcation act, and recover a second judgment and lien for a portion of

the same demand, whilst the former lien remained in force. He might avail himself of the transfer of the trial to another jurisdiction, to claim the right of giving in evidence books, papers or documents withheld from the arbitrators. Though he does not literally withdraw his appeal, he does so in effect, by submitting the matter to a different tribunal, perhaps on other evidence. Various questions of difficult solution would arise under the arbitration law and the recognizance, after the set-off had been allowed and the balance struck. Set-offs have been favoured because they prevented circuity of action, and settled controversies speedily, and with comparatively small expense. That would not be the case here: on the contrary, the controversy would become more entangled: so far from terminating the defendant's claim, the former suit must still be tried, at least to settle the question of costs, for the defendant is not at liberty to withdraw it. On the whole, we are of opinion that this is a case in which the plea of set-off cannot be permitted without contravening the provisions of the acts of assembly concerning arbitrations, and producing great inconvenience and confusion, and that the court below erred in sustaining the demurrer to the replication.

Judgment reversed, and *a venire facias de novo* awarded.