[PHILADELPHIA, MAY 1ST, 1841.]

## HUGG and Another *against* BROWN and Others.

*IN ERROR.*

A judgment was obtained in the District Court in 1837, by A. against B. and C. on three promissory notes given by B. and C. to A. Afterwards A. by writing filed assigned part of the judgment to K. and F., and the balance to D. H. A *scire facias* was then issued on this judgment in the name of A. to the use of D. H., to which the defendants filed an affidavit of defence, setting forth, (1st) That they had brought a suit against K. and F. in 1837, which was arbitrated, and that K. and F. had set off two of the notes upon which the original suit was obtained; that the arbitrators had allowed the set-off and made an award accordingly; from which they (the deponents) had appealed. (2d) That a foreign attachment had been commenced against the deponents by K. and F. upon the judgment in this case, or on the three notes upon which judgment was obtained; which attachment was still pending and undetermined. (3d) That the said D. H. was indebted to the defendants in a larger sum than the balance of the judgment, viz. in the sum of $900, being the amount of a draft in favour of the defendants accepted by him for a valuable consideration; which they claimed to set off; and that K. and F. were indebted to the deponents in a sum fully equal to that part of the judgment assigned to them, viz. the amount of their acceptance of the deponent's draft at 60 days, for $303, dated, &c., which also they claimed to set off: *Held,* (1) That the deponents could not avail themselves in this action of the award of arbitrators appealed from, or of the alleged foreign attachment as a defence. (2) That the alleged claim of set-off of the two acceptances of K. and F. and D. H. was admissible as a defence; and therefore that the court below erred in giving judgment for want of a sufficient affidavit of defence.

ERROR to the District Court for the City and County of Philadelphia.

This was a *scire facias quare executionem non,* &c. brought to June term, 1839, of the District Court, by William Brown and others, trading as John A. Brown & Co., for the use of David W. Hulings against Henry Hugg and R. J. Bell.

(Hugg *v.* Brown.)

The original action was brought by Brown & Co. against Hugg & Bell, to June term, 1837, upon three promissory notes drawn by the defendants in favour of the plaintiffs; one dated Philadelphia, August 25th, 1836, at 8 months, for $195 56; the second dated October 11th, 1836, at 6 months, for $297 18; and the third dated September 28th, 1836, at 8 months, for $105 88. Judgment was obtained on the 22d of July, 1837, and on the same day the damages were assessed at $607 21. On the 15th of December, 1838, the following assignment was filed of record:

" For value received we do hereby assign, transfer, and set over to Keckler & Forney or order, or assigns, three hundred and five dollars of this suit, and the balance of the same to David W. Hulings or order or assigns, without recourse to us; and prothonotary will please mark this suit to their use.

JOHN A. BROWN & Co."

This *scire facias* issued on the 9th of July, 1837. On the 12th of August; 1839, the following affidavit of defence was filed:

" Henry Hugg, one of the defendants, being duly sworn, says, that there is a just defence to the whole of the plaintiffs' claim in the above suit, the nature and character of which is as follows, to wit: The record in the original action shows, that the judgment was obtained on three promissory notes:—

| | |
|---|---:|
| One at 8 months, dated August 25th, 1836, for | $195 56 |
| One at 6 months, dated October 11th, 1836, for | 297 18 |
| One at 8 months, dated September 26th, 1836, for | 105 88 |

Amounting in all to $598 62; the interest and protest making the amount of the judgment, say, $607 21, which was obtained July 22d, 1837. A firm by the name of Keckler & Forney, in the same county with David W. Hulings, and believed to be connected in business with him, were indebted to defendants, and sued by them or by deponent at Lewistown, Pa., in 1837. The case was arbitrated, and the said Keckler and Forney, by their attorney, D. W. Hulings, made a defence of a set-off before the arbitrators, of two of the notes on which the above judgment is founded, to wit, the said note of $195 56, and the one of $297 18. The arbitrators allowed the set-off, credited the said Keckler & Forney with the said notes, and gave an award against deponent. Deponent is informed by his counsel, that on that trial the said D. W. Hulings swore that he purchased the said two notes absolutely and unconditionally, for Keckler & Forney. At all events they were used to defeat the just claim of deponent, by the said D. W. Hulings and the said Keckler and Forney; and so much of the said judgment as is founded on the said two notes of $195 56 and $297 18, has been paid in manner aforesaid, so long as the said award

of arbitration is not reversed. Deponent has appealed from the said award, but at the last information he received from his counsel, the case had not been tried. The said D. W. Hulings was counsel for the said Keckler & Forney, in deponent's suit against them, and since the said appeal, has given deponent's counsel notice, that he shall offer in evidence the said notes on which this judgment is founded, as a set-off on the trial of this suit against the said Keckler & Forney. Deponent further says that a suit by foreign attachment has been commenced against the said Hugg & Bell, in Lewistown, to the use of the said Keckler & Forney, on the judgment in this case, or on the three identical notes on which the judgment in this case was obtained; which is still pending and undetermined, as deponent is informed by his counsel at Lewistown, and verily believes. Deponent further says, that by the order of plaintiffs, filed in this case, the said Keckler & Forney are interested to the extent of $305 in this judgment, and the said Hulings in the balance; and that the said Hulings is indebted to the said defendants in a larger sum than the balance of the said judgment, to wit, in the sum of $900, besides interest and costs, being the amount of a draft in favour of defendants, accepted by him for a valuable consideration; and so much of which as is necessary to balance the said Hulings's interest in this judgment, deponent claims to set off against the same. Deponent further says, that in a suit now pending in favour of the said Hugg & Bell against the said D. W. Hulings, at Lewistown, he, the said Hulings, has given notice under date of August 4th, 1838, to deponent's attorney, that he will under the pleas of payment and set-off in the said suit, give in evidence the same identical notes on which the judgment is founded. Deponent further says, that the said Keckler & Forney, to whom $305 of this judgment have been assigned, are indebted to defendants in a sum fully equal to that amount, to wit, the amount of their acceptance of Hugg & Bell's draft at 60 days for $303, dated March 20th, 1837, on which expenses and interest from May, 1837, are due, making a sum larger than Keckler & Forney's interest in the judgment; and which or so much thereof as may be necessary to cancel their interest in this judgment, defendants claim to set off. Deponent further says, that the *scire facias* to revive this judgment is for the use of D. W. Hulings alone; whereas it appears by the order filed, that he is only interested in the balance of the said judgment after deducting $305 assigned to the said Keckler & Forney."

A rule was obtained to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which was made absolute on the 3d of December, 1839. This writ of error was then taken.

The following errors were assigned:

(Hugg v. Brown.)

" 1. The court below erred in deciding that the affidavit of defence was not sufficient to prevent judgment being entered against the defendants under the act of 28th March, 1835.

2. In entering judgment for plaintiffs below, notwithstanding the affidavit of defence.

3. The scire facias does not pursue the original judgment.

4. The scire facias does not recite correctly the judgment as it was at the time it issued."

Mr. Perkins, for the plaintiff in error.

The record shows that the plaintiffs below divided their judgment, and before the scire facias issued, assigned $305 of it to Keckler & Forney; and the balance of the same to D. W. Hulings. John A. Brown & Co. have no further interest; and if the affidavit discloses either a legal or equitable defence to Keckler & Forney's portion, or to D. W. Hulings's, the defendants were entitled to a jury trial. The affidavit is express, that Keckler & Forney were indebted to the defendants in a sum larger than their interest in the original judgment; and the dates show that they were so indebted prior to their acquiring any interest in the judgment. The affidavit is equally explicit, as to the indebtedness of Hulings to the defendants, in an amount exceeding his interest in the judgment; and only omits to state when he became indebted. But the same strictness is not required in an affidavit of defence, as in a special plea. It is sufficient if it inform the plaintiff of the nature and character of the defence, and enable the court to judge if it is such as the law will recognize. This affidavit informs Hulings that the defence is a set-off of a draft of $900 accepted by him in favour of the defendants; on which interest and costs have accrued. Of course the draft must be over due. The principles on which these affidavits are to be construed, are fully considered by this court, in Sleeper v. Dougherty, Potts v. Smith, and Potts v. Crabb, (2 Whart. Rep. 177.) Watkins v. Phillips, (2 Whart. Rep. 209.) West v. Simmons, (2 Whart. Rep. 261.) Stitt v. Garrett, (3 Whart. Rep. 281.) Milne v. Hamilton, (3 Whart. Rep. 284.) Bacon v. Sanders, (4 Whart. Rep. 148.) Creed v. Stevens, (4 Whart. Rep. 223.) Rice v. Morris, (4 Whart. Rep. 249.) Walker v. Geisse, (4 Whart. Rep. 252.)

It is no answer to the claims of set-off, that Keckler & Forney and Hulings are but the equitable owners of the judgment. The law is well settled in this state, that a legal demand can be set off against an equitable, and an equitable against a legal, where the parties claim in their own rights.

This is not an attempt to set off separate debts against joint. Keckler, Forney and Hulings have no joint claims on the defendants; but Keckler & Forney have a separate claim against them (the defendants) to the amount of their (Keckler & Forney's) interest in this judg-

ment, to wit, $305 ; against which the defendants claim the right to set off their demand on Keckler & Forney for an equal amount. So, as to the separate interest of Hulings in the judgment. The defendants meet it in the same way. The affidavit shows him indebted to them in a sum larger than his interest in the judgment.

The *scire facias* must pursue the ·original judgment. (2 *Penn. Pract.* 337.) *Arrison* v. *The Commonwealth,* (1 *Watts,* 374.) But in this case, it neither recites the original judgment correctly—which was not for the use of any third party—nor does it correctly recite the state of the judgment at the time it issued; which had been assigned, not for the use of David W. Hulings, but for the use of Keckler & Forney in part, to wit, $305, and only the balance to David W. Hulings.

Mr. *Watts,* contra.

The arbitrators had no right to allow the notes to be set off after judgment had been ·obtained upon them. The present defendant, knowing this, appealed from the award. As to the foreign attachment, all that is stated in the affidavit is mere hearsay. An affidavit of defence must be positive. These are separate claims of Keckler & Forney and Hulings, which can't be set off. We know but one legal plaintiff who has a right to proceed on the *scire facias.* Nor can separate claims against them be set off in a suit by both. *Watson* v. *Hensell,* (7 *Watts,* 346.) Where a suit is pending, the plaintiff cannot set off his claim in a, suit where he is defendant.

KENNEDY, J., delivered the opinion of the court.

The errors assigned, taking exception to the writ of *scire facias,* do not appear to be sustained in point of fact, and therefore require no further notice. The circumstance of its being stated to be for the use of D. W. Hulings alone, when, by the assignment filed in the prothonotary's office, of the judgment, it appears to have been assigned to him only in part, is an immaterial matter.

The first two errors, which relate to the rendition of the judgment by the District Court in favour of the plaintiffs below against the plaintiffs in error, who were the defendants there, present the same question, and are the only errors which demand our particular attention as having any thing in them. The court undertook to render or direct the judgment to be entered in this case, under the act of 20th of March, 1835, providing, *inter alia,* that "in all actions of *scire facias,* on judgments, &c., it shall be lawful for the plaintiff; on or at any time after the third Saturday succeeding the several return days thereinbefore designated, on motion to enter a judgment by default, notwithstanding an appearance by attorney, unless the defendant should previously have filed an affidavit of defence, stating therein the nature and character of the same." An affidavit of defence, made by one of the defendants below, was filed here in due time; but the plaintiffs excepted to the sufficiency of it, because, as they

alleged, it did not contain " the nature and character" of a defence sufficient in either law or equity to prevent them from recovering the amount of their judgment upon which the *scire facias* was sued out. And the court being of this opinion, permitted the plaintiffs to enter judgment as if no affidavit had been filed. The court, according to the construction put on the act, by this court, in *West* v. *Simmons,* (2 *Whart. Rep.* 261,) acted rightly in doing so, provided the affidavit filed did not contain a statement of the " nature and character" of a defence sufficient to bar the recovery of the plaintiff's demand, in part at least, if not in whole. The only question, therefore, to be decided, is, does the affidavit set out a good defence in the manner and form required by the act of assembly made in this behalf. The affidavit contains, in the first place, an allegation that a certain portion of the claim made by the plaintiffs in the *scire facias,* nearly five-sixths thereof, was extinguished by a defalcation claimed by the firm of Keckler & Forney, for whose use in part, as it is alleged, the *scire facias* has been sued out here, and as would appear to be the fact, by an assignment of the plaintiffs named on the record, to them, which is filed with the papers in this case, in a suit brought by the defendants below against the said Keckler & Forney, at Lewistown, Pennsylvania; and that this latter suit was tried before arbitrators, who allowed the defalcation so claimed. But then it is also stated in the affidavit that the defendants below in this action appealed from the award of the arbitrators in that suit, and that that appeal is still depending. This, therefore, would seem to preclude them from setting up the defalcation, allowed by the decision of the arbitrators, as a defence in this action, as it would in effect be withdrawing their appeal, which by the first section of the act of the 28th of March, 1820, cannot be done without the written consent of the adverse party first had and obtained. See *Good* v. *Good,* (5 *Watts,* 117.)

The affidavit of defence, in the second place, contains an allegation that the said Keckler & Forney have sued out a writ of foreign attachment, at Lewistown, for their use, founded upon the judgment, upon which the *scire facias* is sued out here, against the said Hugg and Bell, which is still depending and undetermined. We can perceive no sufficient reason why such writ of foreign attachment should preclude the said Keckler & Forney from proceeding at the same time by *scire facias* upon the same judgment to recover the amount thereof. It may be that the proceeding by foreign attachment is irregular, and if so, relief may be had in the court whence it issued; but it does not appear to be a good ground of defence here.

In the third place, however, the affidavit does, as we conceive, set forth the nature and character of a defence, which, if made out on the trial of the cause, may bar the plaintiffs' right to a recovery. As to this third ground of defence, the statement in the affidavit is,

in effect, that the said Keckler & Forney are entitled to three hundred and five dollars of the judgment, upon which the *scire facias* here is sued out, as appears by an assignment thereof in writing, made by the plaintiffs named in the record of the said judgment; and that under the same assignment, David W. Hulings is entitled to the residue of the said judgment. That the said Keckler & Forney are indebted to the defendants in this case, upon their acccept-ance of the defendants' draft, drawn at sixty days, on the 20th of March, 1837, for three hundred dollars; which sum, including expenses incurred and the interest accrued on it, exceeds the amount of the said Keckler & Forney's proportion of the judgment which the defendants claim to have set off against the amount coming to the said Keckler & Forney upon the judgment. And that the said David W. Hulings is also indebted to the defendants in the sum of nine hundred dollars, an amount exceeding the residue of the judgment, upon his acceptance of a draught in their favour, which they claim to have set off so far as may be necessary to extinguish and satisfy the said David W. Hulings's claim upon the judgment. Now, if it be practicable to adjust and liquidate these mutual claims in case they be found to exist, by setting one off against the other, it ought to be done, because it will avoid circuity of action and put a more speedy end to litigation, which would necessarily be attended with additional expense and loss of time to the parties, and may possibly be the means of effecting justice between them, without loss or sacrifice to either, when it could not be effected in any other way. It is no objection to a set-off being allowed, that the party against whom it is claimed to be made, is not the legal owner of the debt, the payment of which he wishes to enforce by action. It is sufficient that he has the equitable right to demand and receive it. Neither is it any objection to the set-off's being allowed, that the party seeking to have it, has only an equitable right to the claim which he wishes to have defalcated from or set off against the plaintiff's demand. The right to the debt or demand on either side may be either legal or equitable; and it is no objection to a set-off or defalcation being claimed and allowed, provided the parties claiming against each other, claim each in his own right. *Murray* v. *Williamson,* (3 *Binn.* 135.) *Wolf* v. *Beates,* (6 *S. & R.* 244.) It is, therefore, no objection to the set-off or defalcation being allowed in this case, that the parties seeking to enforce the payment of the judgment by *scire facias,* are only the equitable owners of it, and that the defendants therein are the legal owners of the debts or claims which they wish to set off against the judgment. Each party, as it is stated in the affidavit of defence, claims in his own right; and the claims, as therein specified, appear to be mutual and between the same parties. This will be seen to be the case, by observing that the judgment, as appears by the affidavit of defence and likewise by the assignment therein referred to, has been divided, by the plaintiffs therein on the record, into two

(Hugg-v. Brown.)

parts; one consisting of three hundred and five dollars of the amount thereof, which they have assigned to Keckler & Forney; and the other of the residue, which they have assigned to David W. Hulings; so that from the showing of the affidavit of defence, it appears that Keckler & Forney have a separate and distinct claim from that of David W. Hulings in the judgment against the defendants below; and that David W. Hulings has also a claim therein, separate and distinct from that of Keckler & Forney, against the defendants below: and again, on the other hand, that the defendants below have two several debts owing to them, that is, one from Keckler & Forney and the the other from David W. Hulings, which they claim to set off against the several demands of the assignees, respectively made against them under the judgment.   The defendants, therefore, do not claim to set off debts owing to them by the ·assignees of the judgment, severally, against a joint claim by the latter on the judgment, but against their respective claims separately: thus claiming nothing against one, which can possibly affect or prejudice the rights of the other.   If it be practicable, then, it seems to be not only expedient, but perfectly just and equitable, that it should be carried into effect. Now, although the jury, in trying the issue that may be joined in the cause, cannot split the judgment into two parts, by finding two ·distinct verdicts, giving to each of the assignees of the judgment, if they should succeed either in whole or in part, their respective proportions of it, yet they can give a general verdict for the whole amount that they shall find to be due thereon, stating in what proportions it shall be levied for the use of the assignees respectively; or, if they should find that only one of the claims under the judgment was satisfied by the plea of set-off on the part of the defendants, they could state that they found so much for the plaintiffs, to be levied for the use of Keckler & Forney, or for the use of David W. Hulings, accordingly as they should determine it to be in favour of the former or the latter.   We therefore think that the judgment, rendered in favour of the plaintiffs below, was erroneous, and that the defendants were entitled to the benefit of a trial by a jury, in order to have their decision on the third and last ground of defence contained in their affidavit.

It may be proper, however, to remark here, that if the debt mentioned in the third ground of defence, as owing by Keckler & Forney to the defendants, be the same, for which they have a suit pending in the court at Lewistown, Pennsylvania, on an appeal from the award of arbitrators, which is mentioned in the first part of their affidavit, it cannot be offered by them in this action by way of defence, as a set-off against their claim on the judgment, for the reasons stated above, in noticing the first ground of defence.   The judgment is reversed, and a *venire de novo* awarded.

Judgment reversed; and a *venire de novo* awarded.