## Stroh *against* Uhrich.

Watts &
Sergeant
1 WS 57
208      ¹396
Watts &
Sergeant
1ws     57
41SC ²431
41SC ²432

The pendency of a suit is no objection to a set-off of the debt upon which it is founded in another action between the same parties.

One who has a demand exceeding one hundred dollars cannot give jurisdiction to a justice of the peace for its recovery, by allowing a set-off or counter demand of the defendant, so as to reduce his claim below one hundred dollars. And if, in such case, the defendant appears before the justice, and obtains a judgment against the plaintiff, from which he appeals to the Common Pleas, the defendant may institute a new suit in court to recover his own claim; and the pendency of the first suit and proceedings before the justice are no bar to the plaintiff's recovery.

ERROR to the common pleas of *Lebanon* county.

Michael Uhrich against William Stroh. This was an action of debt on a promissory note, dated 4th November 1833, for one hundred dollars. To which the defendant pleaded *non-assumpsit,* payment with leave, &c., set off and defalcation; and gave the following notice of special matter :—

" You are hereby notified, that on the trial of the above cause, the defendant will give in evidence, with permission of the court, that on the 22d of April 1834, the defendant, William Stroh, instituted a suit before Henry Bower, Esq., (now deceased) then a justice of the peace in and for the county of Lebanon, against the plaintiff in this suit, Michael Uhrich, claiming a balance of $45 50, which said balance was made up as follows: seven steers sold by William Stroh to Michael Uhrich, at $30 per head, amounting to  .   .   .   .   .   .   .   .   �winter   .   .   .   .   .   .   .   .   .   .   .   $210 00

" By credit  .   .   .   .   .   .   .   .   .   .   .   .   .      170 00

———————

$40 00

" William Stroh loaned M. Uhrich a mare eleven days     5 50

———————

$45 50

making the balance claimed in said suit before the justice.

" The defendant will further give in evidence that the one hundred dollar note, on which the above suit is founded, was included in the credit of the $170, as above stated, and allowed to Michael

I.— 8

[Stroh v. Uhrich.]

Uhrich in said suit before the justice. That on the 26th of April the parties appeared before the justice in the said suit, and referred the same to referees; that Michael Uhrich appeared before the referees in said suit, and asked the note on which the present suit is founded, to be set-off against the claim of William Stroh; that the referees in that case did allow Michael Uhrich the amount of the note, and in consequence thereof, on the 28th day of July 1834, reported in favour of Michael Uhrich, and against William Stroh, the sum of $5.47 and costs of suit, upon which report the justice entered judgment on the 8th of August 1834, from which William Stroh took an appeal, which is entered in the Court of Common Pleas of Lebanon county, of November term 1834, No. 43, and to which you are referred for the record proceedings in the said suit before the justice."

In pursuance of this notice, the defendant offered in evidence the transcript from the docket of Henry Bower, deceased, a justice of the peace, and the whole record, to be accompanied with parol proof that after the suit was brought before the justice of the peace, the parties appeared before referees; that from the record they appear to have been chosen by the parties; that on the trial before the referees, the plaintiff, Michael Uhrich, offered this note in evidence by way of set-off; and it was allowed him by the referees, which resulted in an award in his favour. It also appears that the plaintiff in that suit appealed from the judgment of the justice of the peace, and the suit is now pending in this court.

Plaintiff objected to this evidence, on the ground that it is irrelevant, and, if admitted, would not form a defence to the present action, and under the pleadings in this cause cannot be given in evidence, and that it is not a final judgment.

The Court sustained the objections and rejected the evidence.

The counsel for the defendant excepted to the opinion of the court.

*L. Kline* and *Pearson*, for plaintiff in error, cited 16 *Serg. & Rawle* 255; 3 *Serg. & Rawle* 291; 5 *Watts* 116; 5 *Binn.* 234; 3 *Watts* 46.

*Foster* and *Weidman*, for defendant in error, cited 3 *Penn. Rep.* 469; 13 *Serg. & Rawle* 213.

The opinion of the Court was delivered by

Rogers, J.—The pendency of a suit is no objection to a set-off of the debt on which it is founded in another action between the same parties. The case of *Good* v. *Good*, 5 *Watts* 116, is an exception. That was an appeal from arbitrators, which is placed by our acts of Assembly in a peculiar situation. If the defendant had offered to set-off his claim against the plaintiff, it would have

[Stroh v. Uhrich.]

been error to refuse it, as this is an appeal from a justice of the peace, and does not come within the reason of the decision in *Good* v. *Good*. But for some reason, which has not been explained, the defendant does not think proper to pursue this course, but offers, as a defence to the action, the record before the justice, with proof that the note on which this suit is brought, was used as a set-off. Had the judgment been allowed to stand, it would have been an available defence; because it would be unjust to allow the present plaintiff the benefit of this demand as a set-off, and suffer him to recover it in an original suit. It would be a double satisfaction for the same debt, which cannot, under any circumstances be tolerated. But the present defendant having himself appealed from the judgment of the justice, there is nothing to prevent either from availing themselves of their counter demands against each other, by way of set-off; nor is there any danger that a double satisfaction will, by pursuing this course, be received for the same debt. By proving his debt, and offering it as a set-off, instead of a defence to the action, he would have the benefit of his cross demand, and a certificate for the balance, if any was found due.

The record offered in evidence, with the parol proof, shows that the justice had no jurisdiction, as the matter in contest exceeded one hundred dollars. Stroh's demand against Uhrich was originally $215.50; a sum exceeding his jurisdiction. On this he allows Uhrich a credit of $170, which makes the balance $45.50; for this he brings suit before the justice. This would be all very well, if these credits were payments; but it appears that the note of $100, for which *this* suit is brought, constituted part of $170; and that by this device Stroh reduced his demand under one hundred dollars, so as to give the justice jurisdiction. But this cannot be done; for otherwise it would be in the power of any person to select his justice, and, by this ingenious contrivance, draw within his jurisdiction, any claim or debt against him, however large the amount may be. As for example: Two persons having claims against each other, by bond, note, or book account, one admitted to be due, the other disputed; it would enable the one who owned the disputed claim, after carefully selecting his justice, to give him jurisdiction by a simple credit on his debt, as by that credit he reduced the amount due below the prescribed sum. Nay more, when A was justly indebted to B $1000, on bond, what would prevent A from trumping up an account against B, say to the amount of $1005, bring suit for the balance, and if the justice was sufficiently corrupt, get a judgment for the sum supposed to be due, without the possibility of an appeal?

These cases afford an example; and many more of the same kind may be readily supposed. They show how easy it would be, if we give way to this attempt, to refer to the judgment of the justice a claim greatly exceeding his jurisdiction. But this would

[Stroh v. Uhrich.]

be contrary to the letter and spirit of the acts limiting his juris-
diction. The *dictum* of the chief justice, in *Grant* v. *Wallace*,
16 *Serg. & Rawle* 255, must be confined to the case where the ori-
ginal demand of the plaintiff, and the set-off, are under the sum
of one hundred dollars. With that restriction, I see no objec-
tion to the remark, that if the plaintiff knows that there is a cross
demand for a sum certain, he may give credit for so much, and
bring suit for the residue, and thus do for the defendant all that
the defendant could do for himself.

The difficulty in the way of the defendant, in discontinuing his
suit, on the appeal from the judgment of the justice, 3 *Watts* 47,
*Rose* v. *The Turnpike Company*, may be avoided by a motion to
the Court of Common Pleas to quash the suit for want of jurisdic-
tion in the justice.

Judgment affirmed.