## The Glamorgan Iron Company *versus* Rhule.

1. In an action of assumpsit, if the plaintiff's claim is reduced by set-off below $100, he is entitled to costs, although he has not made affidavit that his claim was beyond that sum.

2. That there was set-off is not implied by the plea of "*payment*" alone, nor is it receivable under it, unless with notice of special matter.

3. The plea of "*payment with leave, &c.,*" would allow the inference of set-off in reducing the claim.

4. Where the plaintiff has filed no affidavit—in order to obtain full costs in case his claim is reduced below $100 by set-off, he should rule the defendant to give notice of special matter, which would bring the defence on the record, and show whether the defence were set-off or direct payment.

ERROR to the Court of Common Pleas of *Mifflin county.*

In the court below Jonathan Rhule brought an action of assumpsit against the Glamorgan Iron Company, and declared on a special contract for erecting a trestle-work railroad, and also on the common counts. He laid his damages at $3000. There was no affidavit that the claim was beyond $100. The pleas were "non assumpsit and payment." The jury rendered a verdict for the plaintiff for $83. The court (Wood, P. J.) discharged a rule to show cause why judgment should not be entered without costs, and entered judgment on the verdict with costs. This was the error assigned.

*Elder & Woods,* for plaintiff in error.

There was no counter statement for defendant in error.

The opinion of the court was delivered, June 25th 1866, by

THOMPSON, J.—This was assumpsit for work and labor, in which the plaintiff recovered less than $100. Having filed no affidavit that his claim was beyond that sum, did the court err in entering judgment for full costs?

The pleas were, "*non assumpsit and payment.*" I see no other mode of deciding this question than by the record. The testimony is not before us: it can only be brought up by bill of exceptions.

There was no affidavit, as already said. It is well settled that if the claim of the plaintiff be reduced by set-off below $100, he

[Glamorgan Iron Co. *v.* Rhule.]

is still entitled to costs. But that there was a set-off in this case does not appear by the record. It is not implied, we think, by the plea of "payment" alone, nor receivable under it, unless notice of special matter be given. "*Payment with leave*," &c., would, I think, undoubtedly allow the inference of set-off in reducing the claim. The Defalcation Act of 1705, allows the set-off of bonds, bills, accounts, promises or legacies under the "plea of payment," but since the Act of 1810, at least, no presumption exists that a demand is reduced by set-off where the plea is "payment," or where the record does not show the claim was reduced by set-off.

This is expressly decided in Rogers *v.* Ratcliffe, 11 Harris 184. I think this rules the case before us. It is the fault of the plaintiff if he claims more than $100, that he does not make an affidavit, or if he has not made it, he ought to rule the defendant to give notice of special matter, and that would bring his defence on the record, and would of course qualify the plea of payment, and show whether set-off or direct payment was the defence. If the former, and the claim was reduced by it, the party would be entitled to costs—if the latter, and he recovered less than $100, he would not be so entitled : 9 Whart. 94 ; 1 W. & S. 57 ; 9 Id. 66 ; 4 Barr 330. It may be that the claim here was reduced by set-off, but the presumption is the other way on the record as it stands, and we have nothing to control the presumption : to this effect is Hale's Ex'rs *v.* Ard's Ex'rs, 12 Wright 22.

The judgment below is reversed, and judgment ordered for plaintiff without costs.