## In the Common Pleas of Luzerne County.

## BAER *v.* GARRETT.

1. An appeal from the judgment of a justice of the peace may be dismissed even after an arbitration, where it appears that the amount in controversy exceeded the jurisdiction of the justice.
2. A justice has jurisdiction where the plaintiff's claim, however large, is reduced to or below one hundred dollars by direct payments, or by dealings, amounting to and admitted as payments.

Opinion by CONYNGHAM, P. J.

The true rule affecting this case is thus briefly stated by Mr. Justice Woodward in Collins v. Collins, 1 Wright, 387: "The result of the authorities seems to be that where the plaintiff's claim, however large, has been reduced to or below one hundred dollars by direct payments or by dealings, that amount to or are admitted to be actual payments, the justice has jurisdiction."

Under this rule, where the book account of the plaintiff on the debit side exceeds one hundred dollars, and credits are actually given on the other side by payments in mutually appropriated accounts and claim, as a balance, to one hundred dollars, the justice has jurisdiction; but where the debit side exceeds one hundred dollars, the plaintiff cannot give jurisdiction by credits, which the defendent, but for such admission, could only claim as an offset: See Stark v. Ulrich, 1 W. & S., 57. The same principle is clearly stated in Evans v. Hall, 9 Wright, 235, where Mr. Justice Thompson says "voluntary credits" cannot be given to bring the claims within the jurisdiction of a justice.

Looking, then, to the transcript of the justice in this case, it is clear that the plaintiff's account was beyond his jurisdiction; but he alleges that this is erroneously stated by the justice, and is corrected by his testimony. While we are not prepared to say that such testimony will ordinarily be received, if we look at it now will it help him in the present case? The plaintiff, says the justice, claimed only about forty dollars as really due to him, evidently looking to the offsets which he supposed the defend-

ant would introduce, and not to the definite payments or mutually appropriated claims. But how did the justice ascertain the accounts due between the parties? He says: "Mr. Baer presented a book account of about one hundred and forty dollars, which I looked over and cut out what I thought ought not to be allowed, and added up what I thought should be allowed, and then Mr. Garrett presented a book account of over one hundred dollars, with which I did the same thing; then I deducted the lowest from the highest, and rendered judgment for the balance." This was most clearly a distinct adjudication of two different accounts, each exceeding one hundred dollars, and over neither of which accounts had the justice jurisdiction,

Looking either to the transcript or the evidence of the justice, it was a case beyond his jurisdiction, and the appeal and arbitration can make no difference, as virtually decided in Collins v. Collins, supra.

The rule reversing and dismissing the whole proceedings in the case for want of jurisdiction is made absolute.