Opinion delivered September 21, 1874, by
Green, J.
Two exceptions have been filed to this proceeding; the first being to the jurisdiction of the justice, because the claim exceeded one hundred dollars and was only reduced in order to bring it within his jurisdiction, and the second, that after the appeal had been regularly taken and costs paid, that the justice refused to make out a transcript.
As to the first exception the deposition of S. H. Yocum, the attorney for the defendant, and who was present at the hearing before the justice, shows that the plaintiff’s claim was for over one hundred dollars, and that it was reduced to one hundred dollars in order to give jurisdiction. The justice’s record of the case also shows the same fact very clearly, and also that the defendant objected to the jurisdiction upon that ground. It further shows that after the objection was made Henry Lochman and Daniel Eissinger were sworn as witnesses for the defendant and there the justice makes *72 the following entry : “Plaintiff remits part of his claim in order to bring it under the jurisdiction of the justice and claims but one hundred dollars.” The justice after hearing gave judgment for this amount.
The defendant contends that no evidence can be given aliunde to contradict this record of the justice, and to show that he had jurisdiction. Pie cites the case of Werner & McGee v. Scott, 3 Wr. 274, wherein a party was not permitted to show that the judgment was founded upon a claim for the use of a horse, and not for “ the taking and keeping” as set forth on the docket of the justice. But it must be evident that where the jurisdiction of the justice is attached the rule must be different, otherwise he would always have it in his power to confer jurisdiction upon himself by his entries upon the record. This is a necessary rule in order to prevent a usurpation of power and jurisdiction. Says Woodward, J., in Collins v. Collins, 1 Wr. 390 : “ The sum *demanded is the test of jurisdiction. To get at that, we look at the transcript of the justice and the narr. on the appeal, and the practice is to receive parol testimony also; and from all these sources to determine the jurisdiction by the matter of fact.” A nice distinction might perhaps be drawn between a justice’s record which shows jurisdiction and one which shows the want of it, because in the latter case, the reason for receiving parol testimony in order to contradict the record no longer holds. But this is not necessary to decide in the present instance for the reason that while the record of the justice is corroborated by the testimony of S. PI. Yocum, the attorney who appeared for the defendant before the justice, we do not think it is substantially contradicted by the testimony of the plaintiff. The plaintiff says his bill “ amounted to over one hundred dollars,” and that what freight the defendant paid was to be deducted. “Not knowing exactly what it was, and not having the title, therefore, I claimed one hundred dollars as the balance.” “ They owed me more than one hundred dollars, and I took the general ratio of freights as near as I could get at them, and it left a balance of about one hundred dollars. I threw off the balance on account of freight. The contract was, I was to deliver the material and deduct the freight. I agreed that if my claim was anything over one hundred dollars after deducting the freight, that I would abandon all over one hundred dollars as my *73 claim.” It is very evident that this does not contradict positively the record of the justice and the testimony of Mr. Yocum. The plaintiff’s testimony does not show that the amount of his bill, with the freight deducted, as to the amount of which there is and was no proof, did not exceed one hundred dollars, and that there was no remission of part of the claim so as to give the justice jurisdiction.
It is very clear that a party cannot remit part of his claim so as to reduce it to one hundred dollars, or less, for the purpose of giving the justice jurisdiction, and a judgment upon such a claim may be objected to at any time.
“One who has a demand exceeding one hundred dollars cannot give jurisdiction to a justice, by allowing a set-off or counter demand of the defendant, so as to reduce his claim below one hundred dollars.” Stroh v. Uhrich, 1 W. & S. 57.
“ Where the plaintiff’s claim has not been reduced by payments to the statutory standard, he cannot give the justice jurisdiction by remitting part and suing for the balance.” Collins v. Collins, 1 Wr. 390. Says Wood ward, J., in this same case: “It is never too late in the progress of a cause to take advantage of the want of jurisdiction. The defendant may object on that ground at any time. Regularly he ought to do it at the earliest possible moment; but laches, no more than consent *can confer jurisdiction,” Ac. To same effect are Ingham v. Sickler, opinion of Elwell, J., Leg. Chron., Vol. I, p. 151, and Casey v. Branch No. 2, W. B. A., opinion by Walker, J., Leg. Chron., Vol. I, p. 170.
A judgment rendered by a justice of the peace, on an award of referees, for a sum exceeding $100, is void for want of jurisdiction. Phillips’ Appeal, 10 Casey, 489.
It is very evident, therefore, that the justice of the peace had no jurisdiction of the claim, as the case stood before him, and that even though the defendant neglected to perfect his appeal, and did not issue his certiorari until nearly nine months after the judgment was rendered and after the second alias execution had issued, still he is not estopped from setting up the want of jurisdiction for the purpose of defeating the judgment.
In this aspect of the case it is immaterial whether the justice refused to make out a transcript of the appeal or not, though per *74 haps it is due to him to say that we do not think the objection is sustained by the evidence.
Judgment reversed and execution set aside.