## Cochran *v.* Cutter, Appellant.

*Set-off—Partnership—Actions.*

Two or more sued jointly may set off a debt due to one of them, and a defendant sued individually may with the consent of his copartners set off a debt due to the partnership, and a defendant sued individually may set off a debt due to him as sole surviving partner.

It is no objection to the set-off of a debt that the defendant had commenced an action for the recovery of that debt before the plaintiff's action was brought.

Where the surviving partner of a firm composed of two persons engages one of their customers who was indebted to them, to work for a new firm composed of the surviving partner, the widow and sole heir of the deceased partner, the new firm may set off the employee's debt to the old firm against his claim against the new firm.

Argued May 22, 1901. Appeal, No. 168, April T., 1901, by defendants, from judgment of C. P. Crawford Co., Feb. T., 1900, No. 111, on verdict for plaintiff in case of D. W. Cochran v. G. H. Cutter & Bro. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for salary. Before THOMAS, P. J.

From the record it appeared that plaintiff claimed to recover the sum of $258.28 for services rendered under a written contract of employment. It also appeared that plaintiff was indebted in the sum of about $400 to a firm composed of G. H. Cutter and Willard Cutter. At the time the suit was brought G. H. Cutter was dead, and a new firm composed of Willard Cutter and the sole heir and widow of George H. Cutter continued the business and made the contract in suit. The defendants claimed to set off the debt of the plaintiff to the old firm against his claim against the new firm. This was disallowed by the court.

Verdict and judgment for plaintiff for $176.02.   Defendants appealed.

*Error assigned* among others was in disallowing the claim of set-off.

*Otto Kohler*, for appellant.—A surviving partner may bind the estate of a deceased partner for certain purposes : Kalbfell's Estate, 30 Pitts. L. J. 273 ; Meyran v. Abel, 189 Pa. 215.

A member of a firm may, with the assent of his copartners, set off, in an action against him individually, a debt due to the firm by the plaintiff in the action : Montz v. Morris, 89 Pa. 392 ; Tustin v. Cameron, 5 Wh. 379 ; Solliday v. Bissey, 12 Pa. 347.

*E. Lowry Humes*, with him *H. J. Humes* and *H. J. Humes & Son*, for appellee.—That the death of one partner dissolves a partnership is too well established to need argument ; therefore, in addition to the admissions which were made at the trial, that the firm of G. H. Cutter & Brothers, as it existed subsequent to the death of Geo. H. Cutter, was distinct from the firm prior to that time, is a well founded principle of law that each firm was separate and distinct from the other, as much so as though they were different individuals.   Consequently the accounts of one cannot be set off against the debts of the other.

A person cannot use as a set-off a claim for which he has a suit pending : Hugg v. Brown, 6 Wharton, 467 ; Good v. Good, 5 Watts, 116 ; Penna. R. R. Co. v. Davenport, 154 Pa. 111.

OPINION BY RICE, P. J., October 14, 1901 :

The surviving partner of a firm composed of two persons engaged plaintiff, one of their customers who was indebted to them, to work for a new firm formed to carry on the business after the death of his copartner.   The persons constituting the new firm were the surviving partner, the widow and the sole heir of the deceased partner.   May they set off plaintiff's debt to the old firm against his claim against the new firm?

In Hibert v. Lang, 165 Pa. 439, Mr. Justice MITCHELL after reviewing many of the earlier cases, summed them up as follows : " The result of these cases is that although in general in

order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practicability of avoiding circuity of action and needless costs, with safety and convenience to all parties (GIBSON, C. J., in Tustin v. Cameron, 5 Wharton, 379), or where there is a special equity to be subserved, and no equity of third parties to be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute." Accordingly it has been held repeatedly in Pennsylvania, although the rule seems to be different in some of the other states of the Union, that two or more defendants jointly sued may set off a debt owing by the plaintiff to one of them: Childerston v. Hammon, 9 S. & R. 68; Stewart v. Coulter, 12 S. & R. 252; Crist v. Brindle, 2 Rawle, 121; Miller v. Kreiter, 76 Pa. 78; Robinson v. Beall, 3 Yeates, 267. See also Tustin v. Cameron, 5 Wharton, 379, Balsley v. Hoffman, 13 Pa. 603, Hollister v. Davis, 54 Pa. 508, Bentz v. Bentz, 95 Pa. 216, and Hibert v. Lang, 165 Pa. 439. It has also been held that a member of a firm may, with the assent of his copartner, set off in an action against him individually, a debt due to the firm by the plaintiff in the action: Montz v. Morris, 89 Pa. 392. So, it has been held that when a surviving partner is sued on an individual claim he may set off a debt due to him as a surviving partner: Slipper v. Stidstone, 5 T. R. 493; Johnson v. Kaiser, 40 N. J. L. 286; 17 Am. & Eng. Ency. of Law, 1175; 22 Am. & Eng. Ency. of Law, 296; Waterman on Set-Off, sec. 246; Lindley on Partnership, *291; Holbrook v. Lackey, 13 Met. (Mass.) 132. The case of Slipper v. Stidstone and the principle ruled by it were cited with apparent approval in Lewis v. Culbertson, 11 S. & R. 48. The principle upon which the right of set-off in such a case rests is found in the following extract from the opinion of Chief Justice GIBSON in Wolf v. Beales, 6 S. & R. 242: " An equitable right to sue is founded on having the property in the thing in action, the legal title being in another as trustee; but a property in chose in action and the right to sue for it, although they usually go together may exist separately as in the case of a surviving partner who has the exclusive right to sue for debts due to the partnership, although the right of property in the deceased partner's share is in his

personal representatives; and it may be stated as a general rule that the person having the right of action may set off a debt due to him as a trustee against a debt by him in his own right." So also in Waln v. Hewes, 5 S. & R. 470, Chief Justice GIBSON said: "At law, it is clear, the remedy to recover on choses in action belonging to the partnership, survives, and the surviving partner may, therefore, set off a debt due to him as such, against a demand on him in his own right." The doctrine of Wolf v. Beales was quoted with approval in Solliday v. Bissey, 12 Pa. 347. It is unnecessary to discuss the limitations of or exceptions to the general rule stated in Wolf v. Beales, for it seems clear that whatever they may be they do not preclude a defendant sued individually from setting off a debt due from the plaintiff to him as sole surviving partner. Applying these three principles, namely, that two or more sued jointly may set off a debt due to one of them, that a defendant sued individually may, with the consent of his copartners, set off a debt due to the partnership, and that a defendant sued individually may set off a debt due to him as sole surviving partner, it seems clear that the set-off pleaded in the present case should have been allowed unless the defendants were barred by reason of the fact that prior to the institution of this suit they have brought an action, which was still pending for the same claim.

But in Filbert v. Hawk, 8 Watts, 443, KENNEDY, J., referred with apparent approval to the English cases in which it was "held no objection to the set-off of a debt that the defendant had commenced an action for the recovery of that debt before the plaintiff's cause of action accrued." True, in Good v. Good, 5 Watts, 116, it was held that a defendant cannot avail himself by way of set-off, of a debt against the plaintiff for which a suit is pending, on an appeal from arbitrators by the party offering such set-off. This ruling was followed in a case involving the same state of facts in Hugg v. Brown, 6 Whart. 468. In Hershey to the use of Walker v. McLaughlin, a case recently decided by this court, it appeared that McLaughlin had brought an action of replevin against Walker and failed. The replevin bond contained a confession of judgment, and after the determination of the replevin suit judgment was entered upon it and a scire facias issued against McLaughlin. In the trial of that issue McLaughlin offered as a set-off a claim against Walker

on which he had obtained judgment before a justice of the peace of another county, from which judgment Walker had duly taken an appeal which was still pending. It was held that " the offered set-off was not of the same nature or grade of security as the judgment," upon which the scire facias is sued, and under all the circumstances was properly rejected. But in the present case there are no such complications as existed in either of the three cases last cited, and in Stroh v. Uhrich, 1 W. & S. 57, it was declared to be the general rule that a pendency of a suit is no objection to a set-off of the debt on which it is founded in another action between the same parties, and it was stated that the case of Good v. Good, supra, is an exception to the general rule. Again in Gilmore v. Reed, 76 Pa. 462, the doctrine of Filbert v. Hawk and Stroh v. Uhrich was reaffirmed in the following language : " Nor does the pendency of a suit brought for its recovery, prevent its being set off in another action." In Penna. R. R. Co. v. Davenport, 154 Pa. 111, it was held that an affidavit of defense is sufficient which avers that the identical claim for which suit is brought had been used by plaintiff as a set-off in an affidavit of defense in another action between the same parties, in which the plaintiff was defendant. Whatever may be the analogies between the last cited case and the present, we do not think it can be regarded as overruling Filbert v. Hawk, Stroh v. Uhrich and Gilmore v. Reed, which expressly rule, or distinctly recognize the principle, that the mere pendency of a suit for a claim does not prevent its being set off in another action. The last cited cases being directly upon the point, it is our plain duty to follow them.

For the foregoing reasons the fourth assignment of error is sustained.

Judgment reversed and venire facias de novo awarded.