## Hunter *v.* Henning, Appellant.

*Set-off—Banks and banking—Suit by receiver—Trust and trustees—Executors and administrators.*

A defendant, sued in his own right, by the receiver of an insolvent bank, on a note due the bank, may use as an equitable defense or set-off deposit accounts standing in his name in the bank, one as trustee of one estate and the other as executor of another estate.

Argued May 2, 1916. Appeal, No. 129, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1914, No. 1410, on verdict for plaintiff in case of David Hunter, Jr., Receiver of the Land Trust Company *v.* J. F. Henning. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Appeal from judgment of the County Court of Allegheny County. Before SWEARINGEN, J.

At the trial it appeared that J. F. Henning, the defendant, became indebted to the Land Trust Company upon a promissory note, dated August 2, 1909, in the sum of $950. There were paid on account thereof the following amounts, viz: October 1, 1909, $100; November 11, 1909, $50; January 21, 1910, $100; and March 3, 1911, $300. The Land Trust Company became insolvent, and David Hunter, Jr., the plaintiff was afterwards appointed receiver thereof. This suit was then brought to collect the

balance of said note. The defendant admitted his liability upon the note, but he averred that he was entitled to set-off against the plaintiff's claim two accounts, which he had in the trust company at the time of its insolvency. These accounts stood as follows:

J. F. Henning, trustee for J. Dorothy Henning, minor, $205.41;

J. F. Henning, executor of the will of E. O. Anderson, $154.64.

At the trial, the jury was instructed that the defendant was not entitled to set-off the aforesaid accounts against the plaintiff's claim, and the jury found that the amount due the plaintiff was therefore $487.94. Judgment was entered upon the verdict.

*Errors assigned* were in giving binding instructions for plaintiff and in refusing judgment for defendant n. o. v.

*Samuel L. Dille;* for appellant.—As a legal defense it is held that the set-off must be between the same persons and in the same right.

The rights are the same in quality or mutuality when the party claiming to defalk has a right of action to recover and a right to receive the fund when recovered because the legal title is in him; or because he has an equitable right in the property itself: Hugg v. Brown, 6 Wharton 468; Bank of Northern Liberties v. Jones, 42 Pa. 536; Stewart v. Nat. Security Bank, 6 W. N. C. 400; Turner v. Plowden, 2 Gill 7 Johnson (Md.) 455; Wolfersburger v. Bucher, 10 S. & R. 10; Stephens v. Cotterall, 99 Pa. 188; Wilmarth v. Mountford, 8 S. & R. 123; Solliday v. Bissey, 12 Pa. 347; Wolf v. Beales, 6 S. & R. 242; Montz v. Morris, 89 Pa. 392; Hibert v. Lang, 165 Pa. 439; Lowman's App., 3 W. & S. 349; Lewis v. Culbertson, 11 S. & R. 48; Scott v. Armstrong, 146 U. S. 499.

Possible cestuis que trustents or creditors or other de-

positors of an insolvent bank are not persons having superior equities in general and have none in this case: Com. v. Tradesman's Trust Co., 250 Pa. 372; In re Fulton's Est., 51 Pa. 204; Jordan v. Sharlock, 84 Pa. 366; Montz v. Morris, 89 Pa. 392.

*Alexander J. Barron,* with him *McKee, Mitchell & Alter,* for appellee.—Demands which may be set off under the statute of set-off must be due between the same parties and in the same right: Darrochs' Executors v. the Administrator of Hay, 2 Yeates 207; Potter v. Burd, 4 Watts 15; Stuart v. Commonwealth, 8 Watts 74; Murray v. Williamson, 3 Binney 135; Wolf v. Beales, 6 S. & R. 242; Henderson v. Lewis, 9 S. & R. 379.

A set-off will not be permitted where to allow the same would be inequitable and prejudice the rights of third persons not parties to the suit: Darroch v. Hay, 2 Yeates 207; Wilmarth v. Mountford, 8 S. & R. 123; Potter v. Burd, 4 Watts 15; Bank of Northern Liberties v. Jones, 42 Pa. 536; Burger v. Burger, 135 Pa. 499.

OPINION BY KEPHART, J., July 18, 1916:

This appeal, from the argument, presents but a single question: May a defendant, sued in his own right, by the receiver of an insolvent bank, on a note due the bank, use as an equitable defense or set-off deposit accounts standing in his name in the bank, one as trustee for J. Dorothy Henning, and the other as executor of E. O. Anderson?

Set-off originally was an equitable defense and it is not entirely controlled by the Act of 1705, but applying equitable principles cross-demands or defenses not within the statute may be allowed: Frantz v. Brown, 1 Penrose & Watts 257. The foundation of set-off or equitable defense is the prevention of circuity of action, and the general rule is that cross-demands must be between the same persons in the same right, so that actions may be maintained thereon against each other: Hibert v. Lang,

165 Pa. 439.    There must be mutuality of demand, both
as regards the quality of the right and the identity of the
parties: Stuart v. Commonwealth, 8 Watts 74.  In not
every instance where the right of action exists may it be
said that the right of set-off will be allowed.   The quality
of the matter proposed to be set off, may be of such char-
acter as to be sustainable only by separate action.   Then,
the matter proposed to be set off may not be wholly
within the control of the party desiring to use it, as in the
case of the set-off of a partnership claim in a suit against
a partner, or by one of the two parties to a bond.   The
consent of the parties interested, if the rights of third
parties are not injured, will nevertheless permit the use
of such actions or demands as a set-off, though they have
all the elements of trust property or fund.

  The fact that funds are held in possession by virtue of
a fiduciary relation will not prevent the legal custodian
from claiming a set-off on account thereof, unless it
would be prejudicial to the interest of third persons.
The law has confided to the trustee the custody and con-
trol of such funds.   It is assumed that the funds are best
protected in his possession.   When they are reduced to
possession, he is, as against every one except the persons
beneficially interested, the absolute owner, and he may
sue for them in his own right.   Thus, in Wilmarth v.
Mountford, 8 S. & R. 124, the trustees of an insolvent
debtor sued to recover the price of trust property.   It
was later said by Judge GIBSON that the suit was legally
in their own right, and because it was in their own right
the court refused to permit a creditor of the insolvent
estate to set off his claim against the estate.   His debt
was a debt due from the insolvent estate.   The trustee,
though suing for the price of the property of the insol-
vent estate, was suing for his own property.   There was
not perfect mutuality of right, and in Worfersberger v.
Bucher, 10 S. & R. 10, where the assets of an estate were
reduced to possession, the executor in suing for them or
their price sues in his own right.   Naming himself as

executor is merely surplusage. As against third persons he is the absolute owner: Stephens v. Cotterall, 99 Pa. 188. In Wolf v. Beales, 6 S. & R. 241, it is stated "that the person having the right of action may set off a debt due to him as trustee, against a debt due by him in his own right......." Thus the debt to the party as trustee of a certain given trust may be set off in an action against either. This doctrine was again considered in Solliday v. Bissey, 12 Pa. 347, where an administrator claimed to set off a debt due him as administrator against a claim owned by him personally. The set-off was allowed, and the principle has since been favorably quoted in Cochran v. Cutter, 18 Pa. Superior Ct. 282, and followed in Jack v. Klepser, 196 Pa. 187. "Neither is it any objection to the set-offs being allowed, that the party seeking to have it, has only an equitable right to the claim which he wished to have defalcated from or set off against the plaintiff's demand. The right to the debt or demand on either side may be either legal or equitable; and it is no objection to a set-off or defalcation being claimed and allowed, provided the parties claiming against each other, claim each in his own right": Hugg v. Brown, 6 Wharton 468.

In determining the question of mutuality in quality of right and character of the parties in allowing a set-off, the primary consideration is the protection of those beneficially interested in the thing attempted to be set off, if such interest is presently within the grasp of the litigation. Having the right of possession and the legal title, where both the claim sued on and the one proposed to be set off are due, in what manner is the interest of third parties prejudiced by the allowance of the set-off? If this were a legal set-off, when the receiver was appointed, the rights of creditors, as they then existed, would rise no higher by reason of the appointment of the receiver. And as to persons beneficially interested, they are not here protesting nor are they brought on the record further than the entry of the deposit accounts. When the

366, (1916).]          Opinion of the Court.

set-off is allowed the funds are again in the possession of the legal custodian, whose liability therefor is fixed. The beneficiary's right is thus secured instead of awaiting a possible dividend from an insolvent institution, or, as stated in Stuart v. Commonwealth, supra, this possible injury "is no greater, however, than what is incurred from every set-off against a trustee; and the foundation of the right seems to be the inconvenience, if not impracticability, of going into a calculation of chances so remote as those of his eventual ability to make good the amount of the trust." The argument that the trustee would thereby pay his own debt from trust funds does not meet the question presented. That is a matter for future settlement between the trustee and his cestui que trustents. In Commonwealth v. Tradesmen's Trust Co., 250 Pa. 372, the application of the rule with respect to set-off was enforced, and while the court permitted the set-off because the trust funds had become mingled with the general fund, the general principle here discussed was recognized. This case is not in conflict with Laubach v. Leibert, 87 Pa. 55. The opinion of the Supreme Court in that case puts the case squarely on the facts as presented.

The judgment of the court below is reversed, and is here entered for the defendant.