## Gilmore, Executrix, v. Kessler

*Otto G. Kaupp* and *Cummings & Gubin,* for plaintiff.
*Richard H. Klein,* for defendant.

MORGANROTH, P. J., March 4, 1935.—Plaintiff brought an action in assumpsit against the defendant on a non-negotiable note. Defendant filed an affidavit of defense denying liability, and averred, inter alia, that A. R. Gilmore, whose executrix is the plaintiff, did, in his lifetime, enter into a verbal agreement with one H. J. Stannert, whereby a sand digger and other machinery were sold and delivered by Stannert to Gilmore for a total selling price of $2,500, which amount was to be applied as payment on the note sued upon. The affidavit of defense avers that the sand digger and miscellaneous pieces of machinery were "actually sold, delivered to and accepted by A. R. Gilmore in accordance with the terms of said verbal contract." Defendant further avers that, not admitting his liability to pay any part of the note, total payments as aforesaid of $2,500 were made on the note by and through the said Stannert, and defendant should be credited therewith.

Counsel for plaintiff, urging that this defense is in the nature of a set-off or counterclaim, and does not set out a good cause of action, filed a plaintiff's reply in the nature of an affidavit of defense to the set-off or counterclaim raising a question of law.

This is the proper procedure to bring to issue plaintiff's contention.

"Where a counter claim by defendant is alleged by plaintiff not to assert a cause of action, the proper practice is for the plaintiff to file a reply in the nature of an affidavit of defense to the counterclaim raising a question of law.

"By such practice an appropriate judgment may then be entered, thus relieving the parties from the necessity of presenting evidence at the trial in so far as the demand of the defendant is held to be legally unsustainable": Riling v. Idell et al., 291 Pa. 472.

If defendant's averment of a credit of $2,500 be viewed as a counterclaim, plaintiff's contention is sound, for the reason that Stannert's claim against Gilmore for the purchase price of the sand digger is not averred with such particularity or precision as would render the counterclaim or statement sufficient;

and particularly with reference to the claim for the purchase price of "a certain lot or miscellaneous pieces of machinery". The affidavit of defense does not set forth what items compose the miscellaneous pieces of machinery nor their separate value, nor dates of sale or delivery, and would be insufficient to sustain a plaintiff's statement of claim. But defendant is not here seeking a judgment against the plaintiff on a counterclaim. He has set up, inter alia, a defense that certain payments were made upon the note, for which payments he is entitled to credit. His plea is that of payment, not set-off.

In the early case of The Glamorgan Iron Co. v. Rhule, 53 Pa. 93, it was held that set-off is not implied by the plea of payment alone, nor is it receivable under it, unless with notice of special matter.

In Henderson v. The Cambria Smokeless Coal Co., 21 D. & C. 654, suit was brought for wages, and the affidavit of defense set up a deduction for violation of a wage contract. The plaintiff filed a reply which was stricken off, the court holding:

"The first question presented is one of practice, that is whether or not the legal question is properly raised by means of the plaintiff's reply to new matter. In our opinion, a reply to new matter is not the best method to raise such questions. The practice act provides for the plaintiff's reply to a set-off or counterclaim which is pleaded. It does not provide for such plaintiff's reply where the defendant merely pleads facts constituting new matter as a part of his defense, in which case we believe the legal questions involved would be more properly and certainly more effectively raised by a motion for judgment for want of sufficient affidavit of defense. In this case, we deem the item under controversy a mere item of credit claimed under a contract and not a claim of set-off."

In the instant case, defendant does not set up his claim of payment on account as a counterclaim, nor specifically as new matter. If the claim of payment by Stannert for the defendant were pleaded as new matter, and the plaintiff required by notice to make reply, the plaintiff could not rebut the new matter at trial if he fails to reply. Here, however, the defense being set up neither as a counterclaim nor as new matter, a reply to the merits on the part of the plaintiff is unnecessary, and plaintiff at trial may offer evidence to rebut any proof of payment offered by the defendant.

But one other question remains. Is evidence of payment by Stannert for Kessler as pleaded admissible upon the trial of the cause? It is averred in the affidavit of defense that it was agreed that Stannert was to sell and deliver to Gilmore the sand digger and machinery for the prices agreed upon, and that these prices were to be applied as a credit or payment on the note in suit; and it is further averred that the sand digger and machinery were actually sold and delivered to and accepted by Gilmore.

"A payment or other performance by a third person, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third person offered it. But the debtor on learning of the payment or other performance has power by disclaimer within a reasonable time to make the payment or other performance inoperative as a discharge": Restatement of the Law of Contracts, sec. 421.

In Beck et al. v. Snyder et al., 167 Pa. 234, judgment for defendant was affirmed where the evidence showed certain payments had been made by deceased, and certain credits allowed by the payee of the note, who claimed that there was still a small balance due, which the deceased's wife, who was his administratrix, then paid and the payee accepted in full settlement of the balance due.

"In an action upon a promissory note, an affidavit of defense is sufficient which

avers that prior to the giving of the note, a third person had paid to the plaintiff, at a time and place stated, for and on behalf of the defendant, the full amount of the claim for which the note was given 'for the purpose of liquidating the said claim in full, if any, that the said plaintiff had,' and that this fact was not learned by the defendant until after he had given the note": Penrose v. Caldwell, 29 Pa. Superior Ct. 550.

Nor has the debtor in the instant case disclaimed, and rendered the alleged payment by Stannert inoperative as a discharge. On the other hand, the defendant avers the payment and relies upon it as a part of his defense. The issue here raised, whether Stannert actually made payments for the defendant on account of the note, is a question of fact. Plaintiff has now sufficient notice that such a defense will be made and both plaintiff and defendant should be accorded the opportunity on the trial of this case to present their evidence in support of or in opposition to this question.

And now, March 4, 1935, plaintiff's reply raising questions of law is overruled.