PeaRSon, J.
 

 The plea is not liable to the objection of being argumentative. It is prolix and sets out irrelevant matter ; but this is a mere form, and is not assigned as cause of demurrer.
 

 The part of the plea which we suppose was intended to raise the objection that the names of the individuals who compose the firm of Moore & Co. are not set out in the warrant, being left blank, must be treated as surplusage, for the whole is thus in ef-
 
 *223
 
 feet blank, and the rule,
 
 utile pm' inutile &¡'c.
 
 applies. So the only question is in reference to' the fraud upon the jurisdiction.
 

 The creditor, without the knowledge or consent of the debtor, enters a credit on the note for the purpose'of giving jurisdiction ; the debtor has never assented to, or ratified this credit, but has always objected to it. This does not amount to a payment, and the magistrate had consequently no jurisdiction. It is a familiar maxim of law,
 
 u
 
 No one can make another his debtor without his consent.” The converse is equally true. No one can give another a specific article or a sum of money, unless he chooses to accept it; and although in this latter case the acceptance is usually presumed, (as it is supposed to be for his benefit,) yet there may be reasons why he may not choose to accept, (as in our case,) and then the presumption is rebutted. Suppose a creditor, whose debt is about being barred by the statute of limitations or the presumption of payment, enters a credit; no effect whatever is given to it, unless the debtor assents to it. It is said this is like the case of a plaintiff who remits a part of his damages to prevent a variance. There is no analogy ; for then the Court allows the
 
 remittitur
 
 as an amendment of the record.
 
 State
 
 v. Mangum, 6 Ire. 369;
 
 Forteseue
 
 v. Spencer, 2 Ire. 63—both assume that the case now under consideration would be a fraud upon the jurisdiction.
 

 Judgment reversed, and judgment that the writ be abated.
 

 PER Cukiam. Judgment reversed.