73    427
31 SC 301

## Bower *versus* McCormick.

1. When a plaintiff's claim before a justice is reduced below $100 by payments or dealings which are actual payments, the justice has jurisdiction; but jurisdiction cannot be given by merely remitting a part.

2. Interest being an incident, may be waived, but no part of the principal can be thrown away in order to give jurisdiction.

3. Where, as in trover, the value of goods has no fixed standard, but depends on circumstances and opinion, *it seems*, a plaintiff, in an action before a justice, may fix the value on his own belief.

4. Plaintiff before a justice claimed the value of logs, "measuring 20,310 feet at $6 per thousand, from which he deducts $22, leaving a balance now claimed of $99.86. *Held*, that this did not give the justice jurisdiction.

5. Collins *v.* Collins, 1 Wright 387 ; Evans *v.* Hall, 9 Id. 235, approved.

March 26th 1873. · Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county* : No. 47, to January Term 1872.

This case commenced before a justice of the peace. It was an action of trover and conversion by Seth T. McCormick against John Bower ; the summons was issued April 28th 1856, returnable May 3d 1856.

The transcript of the justice is as follows: "May 3d 1856, plaintiff appears, defendant does not appear. Plaintiff claims the value of 107 saw logs, measuring 20,310 feet board measure, at $6 per thousand, from which he deducts $22—leaving a balance now claimed of $99.86. Cause continued to May 9th 1856. * * * And now, to wit, May 9th 1856, plaintiff appears and produces proof of ownership in logs, and that they came into possession of defendant. Defendant does not appear. Judgment by default for $99.86 and costs. May 25th 1856, defendant appeals."

The cause was tried September 5th 1871, before Gamble, P. J. The plaintiff gave evidence to show his ownership of the logs, and testified, "they were worth more than I claimed before the justice." There was other evidence also as to the ownership of the logs, and to other questions arising in the court below. The only question considered by the Supreme Court was that of the justice's jurisdiction.

The following are points of the defendant, with their answers :—

1. The claim of the plaintiff, as appears by the transcript filed, exceeded one hundred dollars before the justice, no reduction could be made by plaintiff to give jurisdiction.

Answer : "Whilst the items comprising the plaintiff's claim, as stated in the transcript of the justice, would, by calculation, exceed one hundred dollars, yet the actual sum demanded, which is the test of jurisdiction, is under one hundred dollars. I decline, therefore, to instruct you positively that the claim of the plaintiff,

[Bower *v.* McCormick.]

as appears by the transcript filed, exceeded one hundred dollars before the justice. But say to you, that no reduction of the claim could be made, by the plaintiff, merely for the purpose of giving the justice jurisdiction."

3. If the jury believe, from the evidence, that the plaintiff's demand exceeds one hundred dollars, or that the property claimed for in this suit is worth more than one hundred dollars, and no reason is given in evidence for reducing the claim, the verdict should be for the defendant.

Answer: " Upon this question of jurisdiction, I refer the jury to the general charge and to the answer just given to defendant's first point, as a substantial answer to this point."

The court also charged: * * *

" The transcript of the justice is the primary evidence of the character and extent of the plaintiff's claim. That represents the claim to have been for 107 logs, measuring 20,310 feet, board measure, at $6 per thousand, from which the plaintiff deducts $22, leaving a balance now claimed of $99.86. The plaintiff's original claim as stated here would, by calculation, exceed the jurisdiction of the justice, but the actual sum demanded was within the jurisdiction. Which is to govern and determine the question of jurisdiction? If the deduction were made merely for the purpose of giving the justice jurisdiction, without any other consideration, it would be illegal and defeat the plaintiff's right to recover. But if made in good faith, on account of a payment or a credit due to the defendant, arising out of the transaction, leaving the balance, then claimed, $99.86, it was within the jurisdiction of the justice, and we can proceed to determine the rights of the parties, under the evidence. [The sum demanded is generally the test of jurisdiction ; but when the transcript shows that the original claim was greater and exceeded the jurisdiction, I know of no other way than to leave it to the jury to determine, from the transcript of the justice, the declaration filed and the evidence in the cause, whether it was reduced in good faith, or merely as a device to give the justice jurisdiction. If the jury should believe that the original claim, as stated by the justice, was given by the plaintiff, merely as an approximate estimate of the quality and value of the lumber, and the $22 were deducted from that approximate valuation, on account of uncertainty or difference in the estimate or judgment of witnesses who were to be called to testify, and the actual demand was thus reduced and limited, at the institution of the suit, upon the docket of the justice, to the sum of $99.86, as the actual demand of the plaintiff, we do not think that should be regarded as a device to bring the claim within the jurisdiction. But we leave it as a fact for your determination whether the reduction was made in good faith, on account of pay-

ments or otherwise, or made solely for the purpose of giving the justice jurisdiction.] If the latter, the plaintiff cannot recover. * * * "As to the value of the logs you will ascertain that from the evidence. You cannot allow the plaintiff more than one hundred dollars, but you may add interest from the date of the judgment by the justice." * * *

The verdict was for the plaintiff for $191.65.

The defendant took a writ of error, and assigned for error, the answers to the points and the charge of the court.

*J. J. Metzgar* and *S. L. Youngman*, for plaintiff in error.— When plaintiff's demand exceeds the statutory limit, a justice of the peace has not jurisdiction: Collins *v.* Collins, 1 Wright 387; Stroh *v.* Uhrich, 1 W. & S. 59. It should appear on the face of the justice's proceedings that he acted within his jurisdiction: Jones *v.* Jones, 2 Jones 355.

*H. C. McCormick* and *H. W. Watson*, for defendant in error.— A party may omit to press an item of his claim: Evans *v.* Hall, 9 Wright 237. It should *appear* that the sum demanded exceeded $100: Funk *v.* Ely, 2 P. F. Smith 443.

The opinion of the court was delivered, May 17th 1873, by

AGNEW, J.—The cases upon the subject of the jurisdiction of justices of the peace, under the Act of 1810, when the demand of the plaintiff is reduced by his own abatement below $100, are not wholly free from inconsistency. It seems to be taken for granted in the earlier cases, that a plaintiff can remit a part of his claim, and thereby confer jurisdiction. In Darragh *v.* Warnock, 1 Penna. R. 21, where a verdict was rendered for $114.99, within six months after the judgment by the justice, this court said: "A plaintiff may, undoubtedly, remit a part of his demand to bring the residue within the jurisdiction of a justice." The counsel, on hearing the opinion, remitted the excess of the verdict at bar, and the court affirmed the judgment. In Cleaden *v.* Yeates, 5 Wharton 94, it was said *per curiam:* "It never has been doubted that a plaintiff may reduce his demand to the standard of a limited jurisdiction by lopping off the excess." A stronger case, perhaps, is Hoffman *v.* Dawson, 1 Jones 280. The plaintiff's book account was for $410, on which there were credits to the sum of $310.50, and the demand before the justice was $99.50. This court supported the jurisdiction, on the ground that the actual demand was under $100.

On the other hand, in Stroh *v.* Uhrich, 1 W. & S. 57, it was decided in very strong terms, that a party cannot confer jurisdiction by giving a credit of $170, of which $100 was on a note or

counter-claim. To the same effect is Collins *v.* Collins, 1 Wright 387. Woodward, J., there remarked : "If it appear that the plaintiff's demand really exceeded $100, and that he involved the justice in litigation beyond his jurisdiction, by remitting the excess, it is of importance to declare against the jurisdiction, else the defendant's rights may be sacrificed before he is aware of it, as was shown by Judge Rogers, in Stroh *v.* Uhrich." Perhaps the best statement of the result of the authorities is that made by Justice Woodward in that case, that when the plaintiff's claim is reduced below $100, by direct payments, or dealings, which amount to or are admitted to be actual payments, the justice has jurisdiction, but where the claim is not thus reduced by payment, jurisdiction cannot be given by merely remitting a part. And in Evans *v.* Hall, 9 Wright 235, Justice Thompson, while holding that interest may be waived, because it is a mere incident, states that no part of the principal can be thrown away, in order to give jurisdiction.

Reliance was placed upon these cases in the argument, yet while some analogies may be drawn from them, it is not very clear that they are conclusive as precedents for the case now before us. Here the action was trover for logs claimed by the plaintiff. The Act of 1814, giving jurisdiction to justices in trespass and trover, confers it "in all cases where the value of the property claimed, or the damages alleged to be sustained, shall not exceed $100." As the value of goods is a thing having no fixed standard, and depending on circumstances and opinion, it is not easy to see why a plaintiff may not generally fix the value upon his own belief, and ask to recover thereby. If he claim less than others would say is the value, no one is injured but himself. He does not thereby involve the justice in the settlement of demands beyond his jurisdiction, as in Collins *v.* Collins. Had the plaintiff in this case stated his claim absolutely at the sum of $99.86, without a deduction, it would be difficult to convict the learned judge of error in leaving it to the jury to say whether the plaintiff's demand was made in good faith, and not merely to give jurisdiction. Though the value might seem to be greater, yet an absolute demand without deduction, for less than $100, may be really in good faith, allowing for the state of the property, the attending circumstances, and the difference of opinions, or other causes influencing the question of value. But in this case the demand was stated on the docket of the justice in these words : "Plaintiff claims the value of one hundred and seven saw logs, measuring twenty thousand three hundred and ten feet, board measure, at $6 per thousand, from which he deducts $22, leaving a balance now claimed of $99.86." Certainly on its face this wears the appearance of a premeditated remission to give jurisdiction. It is not an actual credit, but a mere deduction, without a reason given at

[Bower *v.* McCormick.]

the time, or on the trial, why the deduction was made. So far as the evidence discloses, it was a mere throwing off of a part of the value. The logs, at the rate stated by the plaintiff, would have brought $121.86. What makes the case stronger against the plaintiff is, that he testified at the trial that the logs were worth more than he claimed before the justice. In a question of value depending on good faith, we might hesitate to reverse, after a finding of the jury of a sum within the justice's jurisdiction. But we are precluded from even this concession to good faith by the binding instruction of the judge to the jury, that they could not allow more than $100. This left the jury in uncertainty. They could not find a sum over $100, for the instruction not to do so was absolute and unqualified; and they could not find for the defendant, if the evidence showed that the plaintiff was entitled to recover. Their only escape was a special verdict, had their ingenuity taught them to perceive it, in which they should find the plaintiff's demand over $100; but for that reason they find for the defendant, on the ground of a want of jurisdiction. In view of the statement of the demand in the transcript and of the evidence in the case, it seems to us the plaintiff's true demand, as measured by the value of the logs, exceeded $100, and, therefore, that the court erred in submitting the question of jurisdiction in the manner it was submitted to the jury. The verdict itself, shows plainly that the jury, to escape a finding according to actual value, and to keep within the jurisdiction, found precisely the $99.86 stated in the transcript, with interest to the time of the verdict.

Judgment reversed.