No. 1,679.

## THE BALTIMORE AND OHIO RAILROAD COMPANY *v.* WORMAN.

FEDERAL COURT.—*Removal of Causes.—Jurisdiction.*—If a complaint seek to recover "two thousand dollars and all other proper relief," the amount in controversy is only the $2,000, and jurisdiction of the cause is not in the United States court.

RAILROAD.—*Expelling Passenger from Car.—Special Verdict, Finding as to Expulsion.*—In an action for damages for being wrongfully and forcibly ejected from a car against plaintiff's will, she being a passenger, a finding that the "porter stopped the train and ordered her [plaintiff] to get off the train, in the presence and hearing of the conductor in charge of the train, and then and there forcibly and against her will ejected and removed her from the car and train,"—sufficiently shows that the passenger did not voluntarily leave the train at such point.

From the Noble Circuit Court.

*J. H. Collins* and *J. E. Rose,* for appellant.

*T. L. Graves, R. P. Barr* and *L. W. Welker,* for appellee.

GAVIN, J.—Appellee sued to recover damages by reason of injuries suffered through her having been wrongfully, forcibly and against her will ejected from a train on which she was a passenger at a point remote from a station, in endeavoring to reach which, she hurt her ankle.

Counsel insist that the cause should have been transferred to the United States court upon the ground that plaintiff's demand was in excess of $2,000, because the complaint sought to recover "two thousand dollars and all other proper relief." Since the damages were laid at only $2,000, and no other relief was obtainable under the allegations of the pleading, the amount involved was not increased by the formal prayer for "all other proper

relief.'' There was in fact no other ''proper relief'' than the $2,000.

It is next argued that it does not appear from the special verdict that appellee was ejected forcibly and against her will.   In the light of the language used in the verdict, this contention can not be sustained.   It appears that appellee had purchased a ticket to Creston, and had been informed by the conductor who took up her ticket that she must change cars at Chicago Junction.   As the train approached this place she and another lady who had received the same information from the conductor started to get off, but were directed by the conductor to wait until the train pulled up to the station.   After waiting some minutes they again started and were then directed by the conductor to keep their seats  until he told them to get off.   They returned to their seats and remained until after they saw the train pulling out and gaining considerable headway, when, becoming alarmed, they asked the porter, who had  previously promised to help them off at the junction, if they were not going to let them off at the junction.   He answered that the train was already past the station; appellee requested to be carried back to the station, but (the verdict states) ''said porter stopped said train and ordered her to get off said train, in the presence and hearing of the conductor in charge of the train, and then and  there forcibly and against her will ejected and removed her from said car and train.''

''This occurred about midnight at a point from a quarter to half a mile beyond the station and at a place with which appellee was entirely unacquainted.''

We are at a loss to conceive just how the jury could have more plainly and directly found that appellee did not voluntarily leave the train at this point.   There is

in the verdict nothing to indicate that appellee desired to leave the train there.

While the versions of the transaction given by the trainmen and the appellee are widely divergent, there is, in our judgment, abundant evidence to sustain the finding of the jury that she did not leave the train at this place of her own volition, but because she was ordered to do so, and thought she must.

We are unable to find either justification or excuse for appellant's conduct in the fact that, contrary to its usual custom, the train on which appellee was riding was, on that night, going through to Creston, appellee being uninformed thereof.

There is also sufficient evidence to authorize the finding that the incident occurred on appellant's train, and that appellee was at the time a passenger thereon.

Appellee's ejection, it is true, was caused indirectly by her mistaken belief that she was required to change cars at Chicago Junction. In this belief, however, she was entirely justifiable. It originated in the information received from appellant's own servants. The error in it was caused by appellant's neglect, not by hers.

Quite a number of other causes for reversal are stated rather than argued. A consideration of all of them discloses no error against appellant.

Judgment affirmed.

Filed May 15, 1895.