## WOODS v. MASSACHUSETTS PROTECTIVE ASS'N.

District Court, E. D. Kentucky. August 15, 1929.

Martin & Smith, of Catlettsburg, Ky., and Fred Howes, of Paintsville, Ky., for plaintiff.

Bruce & Bullitt, of Louisville, Ky., for defendant.

ANDREW M. J. COCHRAN, District Judge. ▮ This action is before me on plaintiff's motion to remand it to the Johnson circuit court, from whence it was removed. The ground of the motion is that the amount in controversy is not sufficient to give jurisdiction to this court. The action was brought on a life insurance policy issued by the defendant on the life of Ernest Woods, since deceased, for the sum of $5,000, in which plaintiff was the beneficiary. The plaintiff, by the prayer in her petition, seeks judgment for the sum of $3,000 only, and, by reason thereof, the amount of recovery was limited thereto. These facts appear from the petition for removal. Prior to the bringing of this action, on July 25, 1928, plaintiff brought an action on the policy, in which she sought to recover the sum of $5,000, the full amount thereof. On September 3, 1928, the defendant filed removal papers therein and it was duly removed to this court. On February 17, 1929, after the filing of answer therein by the defendant, on plaintiff's motion, that action was dismissed without prejudice. It was after this dismissal that this action was brought on the same policy, but limiting the demand to $3,000.

It is alleged in the petition for removal that the dismissal of the former action and the bringing of this one for a less sum than the face value of the policy was a fraudulent attempt to defeat the jurisdiction of this court. The reason for plaintiff's preference of jurisdiction is this: The policy contains a clause limiting the right to sue thereon to 2 years from the expiration of 90 days from the date of insured's death. The first action was not brought within that time, and hence, if this provision is valid, right of action on the policy is barred. The Kentucky Court of Appeals has held that such a provision is void, because against public policy. The federal courts uphold its validity.

The question which this motion presents for decision is whether a citizen of one state, holding the contract of a citizen of a different state for a specific sum of money in excess of $3,000, can bring an action on such contract in a court of the former state for $3,000 only, thus limiting the amount of recovery, for the purpose of preventing a removal of the action to the federal court and thereby prevent such removal. The defendant contends that he cannot. It makes a distinction between cases where the amount of recovery is liquidated, by a contract to pay a specific sum, and those where it is unliquidated, as in an action of tort for damages. In a case of the latter sort it concedes that removal can be prevented by limiting recovery to $3,000 for such purpose, and that even where the amount which plaintiff is entitled to recover is largely in excess of that sum, and that clearly so. In support of its contention that removal cannot thus be prevented, where the action is on a contract for a specific sum, it cites a number of decisions of state courts to the effect that one cannot confer jurisdiction on an inferior court, of limited jurisdiction, of an action on a contract to pay a specific sum in excess of its jurisdiction, by limiting the recovery to an amount within its jurisdiction. The cases cited are these: Simpson v. McMillion, 1 Nott & McC. (S. C.) 192; Sands v. Delap, 1 Scam. (2 Ill.) 168; Howell v. Burnett, 20 N. J. Law, 265; Moore & Cox v. Thomson, 44 N. C. 221, 59 Am. Dec. 550; Bower v. McCormick, 73 Pa. 427; Cox-Hall & Thompson v. Stanton, 58 Ga. 406; Todd & Smith v. Gates, 20 W. Va. 464; Burke & Aitcheson v. Adoue & Bobert, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91.

One would gather from defendant's brief that there were no decisions to the contrary. Nor does plaintiff make it appear otherwise. As a matter of fact, the weight of authority is the other way. In 17 Standard Proc. 878, the law on the subject is thus stated: "If an amount above the jurisdiction of the court remains due and owing on an obligation or debt, a party may voluntarily remit and abandon all claim and right to recover the amount which thus exceeds the jurisdiction, and may maintain his action for an amount within the jurisdiction of the court." In support of this statement over 50 decisions from 19 jurisdictions are cited. I have not undertaken to see how far they support the text, or whether any of them are limited to cases of unliquidated damages. Most of them are not readily accessible to me.

Reference may be had to a single one of these decisions, to wit: Hunton v. Luce, 60 Ark. 146, 29 S. W. 151, 28 L. R. A. 221, 46 Am. St. Rep. 165. That was an action on a note for $306.50 before a justice of the peace, whose jurisdiction was limited to $300. In order to give him jurisdiction, before the commencement of the suit, the plaintiff placed thereon the following indorsement: "Credit by amount remitted, $7.50." It was held that the justice had jurisdiction to render judgment for $299. In the opinion it was stated: "The decisions of the different states upon the question whether a plaintiff may, by remitting a portion of the amount due him on a note or contract, bring his case within the jurisdiction of an inferior court, are very conflicting."

There is quoted from the opinion of Chief Justice Bleckley in the case of Stewart v. Thompson, 85 Ga. 830, 11 S. E. 1030, from which jurisdiction comes one of the cases relied on by defendant, this statement: "Whether a creditor whose demand is created by express contract, such as a promissory note, can voluntarily abandon a part of his claim, or enter a credit upon it, for the express purpose of reducing it within the jurisdiction of a given court, is a question upon which authorities differ." He added: "It is probable that the weight of the decisions is with the affirmative."

The same work—i. e., 17 Standard Proc.—on page 880 thus continues: "In a few jurisdictions the right of either party to remit a portion of the obligation without consent of the other party is denied." In support of this statement it cites most of the decisions relied on by defendant.

But, even if it be conceded that this latter view of the matter is the true one, it does not follow therefrom that defendant's contention here is sound. It is one thing to attempt to confer jurisdiction on a court by the device resorted to in cases of that character, and an entirely different thing to attempt to prevent this court from acquiring jurisdiction by the device resorted to here.

This brings before us another line of authorities relied on, to wit: Wilson v. Daniel, 3 Dall. (3 U. S.) 401, 1 L. Ed. 655; North American Transportation Co. v. Morrison, 178 U. S. 262, 20 S. Ct. 869, 44 L. Ed. 1061; New York Life Ins. Co. v. Johnson (C. C. A.) 255 F. 958. These cases hold that if, in an action brought in the federal court, it appears from the allegation of the plaintiff's initial pleading that he is entitled to recover no more than an amount less than is within the court's jurisdiction, he cannot confer jurisdiction on it by praying for a recovery of an amount within its jurisdiction. As said in the first case: "Where the law gives no rule, the demand of the plaintiff must furnish one; but, where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded."

In this line of cases also there is an attempt by a device to confer jurisdiction on a court of an action of which it has no jurisdiction. A court may well resent an attempt by some device to impose, as it were, jurisdiction on it of that which it does not have jurisdiction, and yet be entirely indifferent to a resort to a device to prevent its having jurisdiction of an action. The one course adds to its burdens, whereas the other lightens them. It is a case of such prevention when a device is resorted to in order to prevent an action being transferred from one court to another, as here. The Supreme Court has sanctioned a remittitur by a plaintiff of a part of his recovery to defeat the defendant's right to appeal or sue out a writ of error. Pacific Postal Tel. Cable Co. v. O'Connor, 128 U. S. 394, 9 S. Ct. 112, 32 L. Ed. 488; Texas & Pacific R. Co. v. Horn, 151 U. S. 110, 14 S. Ct. 259, 38 L. Ed. 91.

There is, however, an instance where such transfer cannot be prevented by a device resorted to for that purpose. This brings me to the third line of decisions relied on by defendant. Those involving a case of fraudulent joinder; i. e., where the plaintiff in an action in a state court joins a citizen of the same state as that from which he hails as a defendant with a citizen of another state, in order to prevent a removal of the action by the latter to the federal court. A case of this kind is that of Wecker v. Enameling Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. The device resorted to in such cases may be characterized as a downright lie. Joint liability is alleged to prevent removal, when it is known that there is no such liability. But there is no analogy between such cases and the one in hand. In cases of that sort there is a pending action against the removing defendant, of which the federal court has jurisdiction, but for this device resorted to. Here there is no pending case of which this court has jurisdiction, removal of which to this court is prevented by any sort of a device. The device is resorted to for the purpose of preventing there being such a case.

Thus far I have considered the relevancy of the decisions cited by defendant to the question before me, and I have found that none of them are relevant. I would deal now with the matter affirmatively. I know of no case involving the exact question we have here, where it was held that the action was not removable, unless it be the decision of Judge Evans in the case of Swann v. Mutual Reserve Fund Life Assn. (C. C.) 116 F. 232. The defendant would distinguish this case on the ground that that was a case of an unliquidated demand. But it seems to me that the decisions of the Supreme Court in the two cases heretofore referred to, upholding the right of a plaintiff in a judgment of a federal court of original jurisdiction for a sum within the jurisdiction of the Supreme Court to remit enough of the judgment to leave an amount not within its jurisdiction to prevent an appeal to that court, are pertinent by analogy to the question in hand.

Moon on Removal of Causes is a direct au-

504

thority in support of the nonremovability of this action. At the time it was written and published the jurisdictional amount was $2,000. Section 86 is thus entitled: "A plaintiff in an action in a state court for the recovery of money only may limit his demand to $2,000 or less, although entitled to recover more, and thereby defeat a removal." In the body of the section it first states: "A plaintiff in an action for damages may demand less than he has sustained and thereby restrict his recovery to the lesser amount and defeat a removal. Although a plaintiff has been damaged more than $2,000 he may prefer to sue for that sum or less and thereby keep his case in the state court, rather than sue for the full damages with the resulting delay and annoyance and expense of a removal to the United States Circuit Court. Where in such a case the complaint fixes the amount of damages at $2,000 or less, the defendant cannot procure a removal by alleging in the petition for removal that the amount in dispute exceeds $2,000. The defendant cannot complain effectively because the damages are limited to $2,000 or less, although the limitation arose from the desire to defeat the right of removal which the defendant would have if the demand exceeded that sum." Then, coming to the case of a suit on a note, it continues: "In an action upon a note or account a plaintiff may restrict by his prayer for judgment to lesser sum than is due him thereon. The lesser sum for which judgment is so demanded is the matter in dispute. If a plaintiff bring a suit in a state court upon a note, account or other contract, which would authorize the recovery of a greater sum, but limits his demand for judgment to $2,000 or less, the matter in dispute does not exceed $2,000, and hence there is no right or removal."

The defendant finally urges that the amount in controversy exceeds $3,000, because plaintiff prays in her petition, not only for judgment for $3,000, but "for all other and appropriate relief." By section 90, Kentucky Civil Code of Practice, it is provided: "The petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled; and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. If no defense be made, he cannot have judgment for any relief not 'specifically demanded; but, if defense be made, he may have judgment for other relief, under a prayer therefor."

The amount in controversy must be determined as things stand when the petition for removal is filed, at which time no answer has been filed. But in such a case as we have here, if there had been no removal and an answer had been filed, plaintiff would not have been entitled to judgment for more than $3,000. The other relief to which reference is made does not mean a different and greater sum than that specifically demanded.

In the case of Baltimore & Ohio R. Co. v. Worman, 12 Ind. App. 494, 40 N. E. 751, it was held that the rule as to removability was not changed by plaintiff's demand for "two thousand dollars and all proper relief," when no relief other than damages is granted upon the facts pleaded.

The motion to remand is sustained.