## Robinson *et al.* *versus* Narber *et al.*

65      85
41SC ²432

1. Whether a defendant asking a stay of execution is a freeholder, is a fact not reviewable by the Supreme Court.

2. The evidence heard on the question in the court below, forms no part of the record.

3. In arrest of two upon process, if one is unprivileged, the plea of privilege in the other is not ground to discharge from arrest.

4. Stay of execution is not on the ground of privilege, but security.

5. Where there are several defendants in a judgment, a stay of execution will be allowed on sufficient security on the application of one only.

6. The same rule applies where one has a sufficient freehold.

March 15th 1870.   Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.   READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county :* No. 372, to January Term 1870.

In the court below, on the 11th of November 1869, C. & J. L. Robinson brought an action of assumpsit against Robert C. Cox, William F. Wiseman and William Narber.   On the 6th of December 1869, the plaintiffs took judgment for want of an affidavit of defence for $1012.37.   An execution was issued December 28th.   On the 4th of January 1870, Narber claimed a stay of execution as a freeholder, on which a rule to show cause was granted.

The court (White, P. J.) heard evidence on the return of the rule, and, against the objection of the plaintiffs, made the rule absolute 1st February 1870 and allowed the stay.

The plaintiffs took out a writ of error and assigned for error the order of the court allowing the stay.

*W. H. Smith,* for plaintiffs in error, cited Girard *v.* Heyl, 6 Binn. 253.

There was no paper-book for the defendant in error.

The opinion of the court was delivered, March 21st 1870, by

SHARSWOOD, J.—Whether defendant William Narber was possessed of an estate in fee simple within the county of Tioga worth the amount of the judgment recovered, clear of all encumbrances, so as to entitle him to a stay of execution, under the 3d section of the Act of June 16th 1836, relating to executions (Pamph. L. 762), was a question of fact not reviewable in this court on a writ of error.   It depended upon the opinion of the court upon evidence submitted to them, which forms no part of the record which is brought here.

It is contended, however, that such a plea, by one of several defendants, is not a legal ground for allowing a stay of execution,

[Robinson *v*. Narber.]

upon the general principle that if a privileged person is joined with those who are unprivileged, he thereby loses his privilege. This is undoubtedly true in the case of arrest upon process, 1 Tidd's Prac. 84, and was recognised and applied in Fife *v*. Keating, 2 P. A. Browne 135, where it was held that if a freeholder joins with one who is not exempted from arrest in the commission of a joint trespass, the court will not abate a writ of capias issued against them jointly.

But the stay of execution is not on the ground of a mere privilege in the defendant, as is the case in the exemption of a freeholder from arrest under the Act of March 20th 1728, 1 Smith 164; the value of the freehold there has no relation to the amount demanded. But to secure a stay of execution it must appear that the lien of the judgment, prior to all other encumbrances, is sufficient security for the sum recovered. Where one of the defendants is able to show that he is possessed of an estate in fee simple worth, in the opinion of the court, the amount of the judgment, it is equal if not better than the security provided for in the 4th section. It cannot be questioned that, if such security be entered, the defendants will be entitled to a stay without regard to the fact that it was entered at the instance of one or all the defendants. In that case, there is nothing but the personal obligation of the bail; here, there is a first lien fastened on the land itself, and which is subject to the execution of the plaintiff as soon as the stay has expired, or if there should be a judicial sale in the mean time, it will give the plaintiff a right to payment from the proceeds in preference to all others.

Order affirmed.