# Geo. W. Zimmerman, Appellant, *v.* Christian H. and Mary M Snyder.

*Justice of peace—Jurisdiction—Reduction of claim by mutual dealings.*

Where the plaintiff's claim, however large, has been reduced to or below the statutory standard, by direct payments or by dealings that amount to or are admitted to be actual payments, a justice of the peace has jurisdiction.

Argued Nov. 17, 1898. Appeal, No. 78, Oct. T., 1898, by plaintiff, from judgment of C. P. Lancaster Co., Dec. T., 1895, No. 55, on nonsuit. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit. Before LIVINGSTON, P. J.

This case came up on appeal from judgment of the justice of the peace. From the transcript and statement and evidence it appears that plaintiff brought suit against the defendants on book account for groceries amounting to $370.35, on which credits were allowed, reducing the amount claimed to $115.76.

The credits allowed were for cash, cigars, trees, etc., furnished plaintiff by defendants ; also for board which had been provided for by an independent contract. Defendants, before the justice, claimed other credits, and judgment was entered in favor of the defendants by the justice for $186.65, and from this judgment plaintiff appealed to the common pleas and the court entered a compulsory nonsuit, LIVINGSTON, P. J., filing the following opinion :

This case comes clearly within the case of Wanner v. Zimmerman, 5 Dist. Rep. 29, cited by defendants in support of motion. The amount actually due was $115.76, but in order to bring it to that he had to deduct offsets on the book account between them. The amount the justice of the peace passed upon was $370.35, and the boarding and other matters agreed should be taken off, left $115.76, but you had to show the whole account in order to get this in. The suit should have been brought in court. We will have to give you a nonsuit.

*Error assigned* was in entering judgment of compulsory nonsuit.

*G. Ross Eshleman* and *T. J. Davis*, for appellant.—Where there have been mutual dealings or partial payments on account, and the balance is under the statutory limitation for a justice, it has ever been the practice to sue before a justice: Hoffman v. Dawson, 11 Pa. 280; Collins v. Collins, 37 Pa. 387.

Even if the board were considered as "independent debt" the other items credited in the books reduce the plaintiff's claim below $300. The "cash" and "checks" are certainly part payments. Are not the "cigars," "trees" and "lard" also proper credits? It is contended that the board is as much a partial payment as though plaintiff had actually handed the money to defendants, and they had given it back to him on account of his bill against them.

*Charles I. Landis*, for appellees.—This suit was brought by plaintiff against Christian Snyder and Mary M., his wife. There was not a word of testimony to connect Mrs. Snyder with the transaction, except a reference to her in the paper containing the agreement to board the plaintiff. She did not sign this paper, the only parties to it being the plaintiff and Christian H. Snyder. This agreement was an entirely separate and independent arrangement. It follows that the court below properly entered a judgment of nonsuit: Stroh v. Uhrich, 1 W. & S. 57; O'Connell v. Bank, 2 Ches. Co. R. 296; Collins v. Collins, 37 Pa. 387; Peter v. Schlosser, 81 Pa. 439; Coal Co. v. Struble, 3 Lancaster Law Rev. 300.

An examination of the appellant's paper-book would show such deficiences that a diminution of the record must be pleaded in the case. There is no history of the case as provided for in the rules of this court, the testimony has not been printed, except a brief extract, and an agreement which was attached to plaintiff's statement has been detached in some way, and is neither printed nor made part of the record. This agreement is the paper setting forth the contract for the board, which plaintiff credited in his account before the alderman in his attempt to give the justice jurisdiction.

OPINION BY RICE, P. J., January 18, 1899:

There are dicta in some of the earlier cases to the effect, that a plaintiff may remit a portion of his claim, in order to bring it

within the jurisdiction of a justice of the peace: Darrah v. Warnoch, 1 P. & W. 21; Cleaden v. Yeates, 5 Wh. 94. But later decisions hold, that as to the principal of the claim this cannot be done: Stroh v. Uhrich, 1 W. & S. 57; Collins v. Collins, 37 Pa. 387; Bower v. McCormick, 73 Pa. 427; Peters v. Schlosser, 81 Pa. 439. "A non claim of interest is very unlike a voluntary reduction of the principal. The one is the absence of the assertion of claim, and the other is the actual throwing away a portion of a fixed or settled claim or demand:" Thompson, J., in Evans v. Hall, 45 Pa. 235. The sum demanded is the test of jurisdiction, and if that exceed the statutory limit, it seems, that the plaintiff cannot give jurisdiction by the allowance, as a credit, of an offset growing out of a separate and independent cross demand. See cases above cited, and especially Stroh v. Uhrich. The court below was of opinion that the plaintiff's case was within this principle, and therefore entered a compulsory nonsuit. We think this was error. The case was this: The plaintiff, a retail merchant, boarded with the defendants and sold them goods. His book account extending over a period of two years showed on the debit side charges for goods sold and delivered, and on the credit side, credits from time to time for cash and goods received, and for boarding. He sued to recover $115.76, the balance due on this account. This was his demand as shown by the transcript, by his statement filed after the case was appealed, and by his evidence given on the trial. All of these may be looked to, to get at the sum demanded, and to determine the question of jurisdiction: Collins v. Collins, supra.

The credits referred to were not given for the purpose of reducing his claim below the statutory limit, but apparently were as much a part of the account as the debits. Leaving out the credits for boarding, upon the ground that this was furnished under a contract with C. H. Snyder alone, and still the balance due would be less than $300. This was not a case where the plaintiff resorted to the device of giving a fictitious credit, or of admitting a set-off in order to bring the case within the jurisdiction of a justice of the peace, but where direct payments and credits growing out of mutual dealings between the parties and properly applicable to the discharge and extinguishment pro tanto of the defendant's indebtedness, brought

the plaintiff's true demand within the jurisdiction of a justice of the peace. Possibly if the defendants had been called on to put in their defense, they might have put the case in a different light; but as it appeared when the plaintiff was non-suited, the jurisdiction of the justice might have been sustained. In Hoffman v. Dawson, 11 Pa. 280, it was said: "Where there have been mutual dealings or partial payments on account, and the balance is under the sum of $100, it has ever been the practice under the Act of March 20, 1810, 1 Sm. L. 161, to sue for the balance of the account before a magistrate. It is certainly not error to state the whole case on the justice's docket." In Collins v. Collins, supra, Mr. Justice WOODWARD said: "True it is, that a plaintiff may sue before a justice for less than $100, although his claim originally exceeded that amount. Where there have been mutual dealings, or partial payments on account, and the balance is under $100, the jurisdiction has been often sustained. . . . The result of the authorities seems to be, that where the plaintiff's claim, however large, has been reduced to, or below $100, by direct payments or by dealings that amount to, or are admitted to be actual payments, the justice has jurisdiction. But where the plaintiff's claim has not been reduced by payments to the statutory standard, he cannot give the justice jurisdiction by remitting part and suing for the balance." This statement of the law has been recognized repeatedly, and notably in the recent case of McFarland v. O'Neil, 155 Pa. 260, which it seems to us was not so plain a case for the application of the principle to sustain the jurisdiction of the justice as the present.

The judgment is reversed and a venire facias de novo awarded.