## Ballingall to use, Appellant, *v.* Kite.

*Justice of the· peace—Philadelphia magistrate—Jurisdiction—Amount—Interest—Relinquishment of interest.*

1. Where the record of a magistrate in Philadelphia county shows that the magistrate granted judgment for $100 with interest and costs, without specifying the amount of interest, and that this was done in the presence of the plaintiff and without any relinquishment of interest by the plaintiff, and subsequently the case is appealed and the court of common pleas on a rule to dismiss, and after depositions taken, finds as a fact that the plaintiff demanded before the magistrate an amount in excess of the latter's jurisdiction, the Superior Court on an appeal from an order dismissing the proceedings will not reverse the finding of the lower court, and will sustain the order made by it.

2. The rule that a plaintiff in a suit before a justice of the peace cannot make a demand of less than the sum due him, in order to give the magistrate jurisdiction, does not apply to interest, as the plaintiff may relinquish that as it is no part of the cause of action to be litigated; but if he does not relinquish it, and permits the magistrate to enter judgment in his presence for principal and interest, bringing the aggregate amount above the magistrate's jurisdiction, he will not be able to sustain the proceedings when removed to the common pleas on appeal. The relinquishment of interest cannot be made for the first time in the common pleas.

Argued Oct. 14, 1909. Appeal, No. 179, Oct. T., 1909, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1903,

No. 3,193, making absolute rule to dismiss proceedings before a magistrate in case of Peter Ballingall, to use of United States Audit Company, v. Edward J. Kite and Earl E. Kite. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.   Affirmed.

Appeal from judgment of a magistrate.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to dismiss the proceedings.

*William H. Peace*, for appellant.—The test is, the amount of plaintiff's demand before the magistrate.   The depositions on behalf of plaintiff, uncontradicted, show no claim for interest was made before the magistrate: Peter v. Schlosser, 81 Pa. 439; Collins v. Collins, 37 Pa. 387.

The plaintiff was entitled to have his statement amended: Linton v. Vogel, 98 Pa. 457.

*G. Von Phul Jones*, for appellees.—The order made was proper: Rogers v. Ratcliffe, 23 Pa. 184; Stroh v. Ulrich, 1 W. & S. 57, Peter v. Schlosser, 81 Pa. 439; Zimmerman v. Snyder, 9 Pa. Superior Ct. 201.

The lack of jurisdiction in the magistrate cannot be cured by amendment of the statement in the common pleas: Quigley v. Quigley, 10 W. N. C. 388; Owen v. Shelhamer, 3 Binney, 45.

Opinion by Morrison, J., December 13, 1909:

The legal plaintiff, in December, 1903, brought suit against defendants before a magistrate to recover the sum of $100 for services rendered them by him as an accountant.   The magistrate entered judgment in favor of plaintiff for $100, with interest and costs.   Defendants appealed to the common pleas and plaintiff filed a statement in the common pleas concluding as follows: "On the 24th day of June, 1901, he, plaintiff, received a payment of $100 on account leaving a balance due

thereon of $100 which he claimed with interest from June 24th, 1901, and which sum he avers is justly owing and payable to him by defendants without any deduction or set-off." It should here be noted that the interest claimed on the $100 would be from June 24, 1901, till December, 1903, when the suit was commenced before the magistrate, so that the interest at the date of the judgment by the magistrate would amount to more than $12.00.

The plaintiff's original claim was $241.15. The defendants disputed this amount and the plaintiff deducted $41.15 and the defendants then paid $100, which left, according to plaintiff's theory, the sum of $100, with interest, due and unpaid. After the plaintiff filed his statement of claim in the common pleas, the defendants moved to dismiss the case on the ground that the sum claimed was greater than the magistrate's jurisdiction. It is conceded that in Philadelphia the magistrate only had jurisdiction to the amount of $100.

Upon the defendants' petition and motion, the court granted a rule on the plaintiff to show cause why the case should not be dismissed. Thereupon, the plaintiff obtained a rule to show cause why his statement of claim should not be amended by striking out from the second page thereof the words, "with interest from the 24th day of June, 1901," and substituting therefor, "with interest from March 28th, 1904." When these rules came before the court below, the following conclusion was reached:

"The jurisdiction of the magistrate to hear the claim of the plaintiff in. this case depended entirely upon the amount which was demanded before him. The transcript shows the sum of $100 demanded for work and labor done and no date was given, and after the hearing the magistrate gave judgment for $100 with interest. The defendants in their rule to dismiss the proceedings averring that interest was claimed before the magistrate, and the plaintiff denying that in his answer and also in his petition to amend, an issue of fact is raised which it is difficult for the court to determine without further evidence. If there is evidence in support of the contention of either of the parties, it should be submitted to the

court in the form of depositions. See the case of Collins v. Collins, 37 Pa. 387. Both rules are therefore continued until February 23, 1909, with leave to either party to take depositions, in support of their respective contentions."

It appears that the plaintiff then took depositions for the purpose of showing to the court that he only claimed $100 before the magistrate and that his statement of claim filed in the common pleas claimed interest from June 24, 1901, by mistake. It will be noted that it does not affirmatively appear of record, that the plaintiff actually demanded interest on the $100 claimed before the magistrate. But it is perfectly clear from the magistrate's record that he granted judgment for $100, with interest, and costs. It is very clear that the plaintiff was present when the magistrate granted the judgment and that he did not at any time relinquish the interest while the case was before the magistrate. It is just as clear that if the judgment included interest from any date prior to the entry thereof, then the magistrate's judgment was on a demand for a sum greater than his jurisdiction.

The pinch of this case is, What was the sum demanded before the magistrate? In Collins v. Collins, 37 Pa. 387, the Supreme Court, by Mr. Justice WOODWARD, said: "The sum demanded is the test of jurisdiction. To get at that, we look at the transcript of the justice and the narr. on the appeal, and the practice is to receive parol testimony also; and from all these sources to determine the jurisdiction by the matter of fact. If it appears that the plaintiff's demand really exceeded $100, and that he involved the justice in litigation beyond his jurisdiction by remitting the excess, it is of great importance to declare against the jurisdiction, else the defendants' rights may be sacrificed before he is aware of it, as was shown by Judge ROGERS in Stroh v. Ulrich:" 1 W. & S. 57.

It clearly appears that the lower court, after the first argument, acted on the authority of Collins v. Collins in continuing the case in order that depositions might be taken. From the record before us we must presume that the lower court found as a matter of fact that the plaintiff's demand before

the magistrate exceeded $100. As a general proposition, this court will not review matters of fact based on oral testimony and depositions taken in the court below, and the weight thereof and the credibility of the witnesses, but will assume that the lower court reached a correct conclusion as to the fact, unless the contrary is made very clearly to appear.

In Rogers v. Ratcliffe, 23 Pa. 184, in a case involving the amount in controversy in a suit in the court below, the Supreme Court said: "There is nothing on the record to show that the fact was otherwise than as found by the court. The depositions produced before the court, on the hearing of the motion in relation to the costs, form no part of the record; nor can they be brought here by a bill of exceptions. . . . For this reason the rule was established many years ago, in relation to this section of the act of assembly, that 'the decision of the common pleas is not to be treated as erroneous unless the fact which impeaches it appears on the face of the record:' Spear v. Jamieson, 2 S. & R. 530." See also Righter v. Rittenhouse, 3 Rawle, *273; Piper's App., 20 Pa. 67; Murphy v. Flood, 2 Grant, 411; Kirk's App., 28 Pa. 185; Robinson v. Narber, 65 Pa. 85.

It is settled law that if the amount due plaintiff is in excess of $100, he cannot make a demand of less than that sum in order to give the magistrate jurisdiction: Stroh v. Ulrich, 1 W. & S. 57; Peter v. Schlosser, 81 Pa. 439; Zimmerman v. Snyder, 9 Pa. Superior Ct. 201. This rule does not apply to interest, as the plaintiff may relinquish that as it is no part of the cause of action to be litigated. But it must be relinquished before the magistrate.

From what is before us, of which we can legally take notice, we are convinced that the lower court found that the plaintiff's demand exceeded the jurisdiction of the magistrate on ample evidence. There is nothing to show that the magistrate made a clerical error in the entry of his judgment or that the transcript is not a correct record of the proceedings. No evidence whatever was given on this subject. As the transcript also recites that the plaintiff was present when judgment was given publicly, it becomes a conclusive finding

of the magistrate that interest on that claim was not relinquished, and on this view, it is not material that the record does not show that interest was claimed. If the judgment was publicly entered in the presence of the plaintiff that, "after hearing proofs and allegations, judgment given publicly in favor of plaintiff for $100, with interest and costs," the plaintiff ought to have relinquished the interest or to have at least protested against the judgment including interest. In the common pleas case of Quigley v. Quigley, 10 W. N. C. 388, it was well said by the court: "There is nothing to show that the interest was relinquished. It was as much a part of the amount due plaintiff, until relinquished, as the principal. The justice added it and the plaintiff is affected with knowledge of his action in the premises."

The plaintiff contends that the transcript shows that he only claimed $100, but it is the real amount of the claim which is important. It is to be presumed that before the magistrate the plaintiff testified that the defendant owed him $100, and this under a contract made at a certain time and for work done at a certain time thereunder. Therefore, the allowance of interest was a legal conclusion, unless it was relinquished by the plaintiff. The fact that the amount of the interest was not computed and stated in the magistrate's judgment is not material as that is certain which can be reduced to a certainty: "Id certum est quod certum reddi potest." It is of no importance how small an amount of interest the judgment would include, because any sum would bring the claim above $100.

Another circumstance which must have strongly tended to persuade the court below that the plaintiff's claim before the magistrate was for $100, with interest from the time that sum became due, was the deliberate filing of the plaintiff's statement of claim in the court below for $100 "which he claims with interest from the 24th day of June, 1901, and which sum he avers is justly due and owing him by defendants without any deduction or set-off."

We regard the law as settled that a plaintiff may remit or relinquish interest which he could claim on a cause of action,

but if his suit is brought before a justice, he must relinquish the interest there and such relinquishment cannot be made for the first time in the common pleas. If the justice had no jurisdiction by reason of the claim before him for debt and interest exceeding $100, jurisdiction cannot afterwards be given in the common pleas by relinquishing interest there. In Owen v. Shelhamer, 3 Binney, 45, YEATES, J., said: "The cause of action must exist at the commencement of the suit, and cannot be varied by subsequent circumstances."

In Moore v. Wait, 1 Binney, 219, the judgment recovered before the justice was for $88.00, with interest, which brought the whole amount to $104. On appeal to the common pleas, the verdict for the plaintiff was for $112, the additional interest making the difference. The judgment was arrested on the ground that the transcript showed that the justice had no jurisdiction and that all subsequent proceedings were a nullity.

We conclude from the whole record, including the opinion and judgment of the court below, that the court reached the conclusion that the plaintiff claimed judgment before the magistrate for $100, with interest from June 24, 1901, and that the magistrate's judgment meant that the plaintiff was entitled to collect that amount with costs. After giving most careful consideration to the able argument of plaintiff's counsel, and the authorities cited by him, we cannot see our way to convict the court below of error in so finding.

It is not necessary to discuss the question of the plaintiff's right to amend his statement of claim, filed in the lower court, because if he claimed more than $100 before the magistrate, an amendment of his claim to $100 and relinquishing interest in the common pleas would not help him.

The assignments of error are all overruled and the judgment is affirmed.