## Goelz *v.* Eccleston, Appellant.

*Justice of the peace—Jurisdiction—Amount of judgment—Relin-quishment of interest.*

In an action of assumpsit before a magistrate the record showed that the claim was for $272. There was no remission of any part of the debt, but no interest was demanded. On appeal to the county court a statement of claim was filed in which the sum of $235.70 was claimed with interest. Judgment was entered for $333.51. Attention of the court having been called to the fact that the judgment exceeded the jurisdictional amount, it was set aside and a judgment entered for $235.70, the amount of the plaintiff's claim without interest.

Under such circumstances, the action of the court below will be treated as an amendment of the record to conform to the facts as exhibited in the transcript, and will be sustained.

Interest on the claim was incidental and if waived in the proceeding before the magistrate could not be claimed after appeal to the county court.

On an appeal from a judgment of the justice of the peace the amount demanded by the plaintiff cannot be increased beyond the limits of the justice's jurisdiction, except so far as to include interest which accrued after the institution of the suit.

Argued May 1, 1924. Appeal, No. 176, April T., 1924, by defendant, from order of C. P. Allegheny Co., April T., 1924, No. 74, in favor of plaintiff in case tried by the court without a jury in the suit of Frank X. Goelz v. Mrs. S. Eccleston. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from judgment of a magistrate.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $235.70. Defendant appealed.

*Error assigned* was, among others, the decree of the court.

*William McC. Herron,* and with him *Thomas M. Marshall, Jr.,* for appellant.—The amount claimed exceeded the jurisdiction of the magistrate: Camp v. Wood, 10 Watts 121; Collins v. Collins, 37 Pa. 390; McFarland v. O'Neil, 155 Pa. 265; Laird v. McConachy, 3 S. & R. 290; Linton v. Vogel, 98 Pa. 459.

The question of jurisdiction can be raised at any time: Hill v. Tionesta, 129 Pa. 525; Brush Valley, etc., v. Allegheny County Poor Directors, 25 Pa. Superior Ct. 595; Commonwealth v. Barnett, 199 Pa. 177.

*John F. Gloeckner,* for appellee, cited: Ballingall v. Kite, 41 Pa. Superior Ct. 428; Collins v. Collins, 37 Pa. Superior Ct. 390; Greenawalt v. Shannon, 8 Barr 466; Hoffman v. Dawson, 1 Jones 280.

OPINION BY HENDERSON, J., July 2, 1924:

There is nothing in the transcript of the proceeding before the magistrate from which it can be contended that the subject in controversy between the litigants exceeded the jurisdiction of the magistrate. The transcript shows that the plaintiff's claim was $272.80 on an account for work and material and that judgment was entered for that amount. There was no remission of any part of the debt. If the judgment did not include interest it was evidently because the claim for interest was waived. After the case was appealed to the county court by the defendant, a statement of claim was filed in which the sum of $235.70 was demanded with interest from October 14, 1916. The case was tried in the county court without a jury and judgment entered October 6, 1923, for the plaintiff for $333.51. This result was reached by allowing the claim for interest. The attention of the court having been brought on October 11th to the fact that the judgment exceeded the jurisdiction of the court and that it should therefore be set aside and the appeal dismissed the judgment was set aside on December 11, 1923, and judgment entered for the sum of $235.70, the

amount of the plaintiff's claim without interest. This
action of the court should be treated as an amendment
of the record to conform to the facts as exhibited in the
transcript. Interest on the claim was incidental and if
waived in the proceeding before the magistrate could not
be claimed after appeal to the county court. The magis-
trate had undoubted jurisdiction to try the case as pre-
sented by the plaintiff, and if through inadvertence a
greater demand, to-wit, interest prior to the date of the
judgment before the magistrate, was included in the
statement of claim, that might properly be stricken out.
Where the demand is within the jurisdiction of the jus-
tice, the appeal will not be defeated simply because a
sum beyond his jurisdiction is claimed in the declara-
tion: Greenawalt v. Shannon, 8 Pa. 466; Hoffman v.
Dawson, 11 Pa. 28; Collins v. Collins, 37 Pa. 387. The
amount demanded is the test of jurisdiction and if the
limit of the plaintiff's claim was $272.80, his right to
proceed was not lost when the defendant appealed to the
county court, and the original claim might still be as-
serted although interest was mistakenly demanded in
the statement of claim. It is unquestioned that on an
appeal from a judgment of a justice of the peace the
amount demanded by the plaintiff cannot be increased
beyond the limits of the justice's jurisdiction except so
far as to include interest which accrued after the insti-
tution of the suit, and it was held in Shaw v. Squires, 153
Pa. 150, that where a judgment was obtained before the
alderman for $240 and costs and where the plaintiff on
the trial of the appeal in the court of common pleas de-
manded the sum of $308.52 with interest and the trial
resulted in a verdict in his favor for $326.17, the judg-
ment should not be sustained because it was in excess of
the jurisdiction of the magistrate, but in that case there
was no amendment of the statement of claim: the plain-
tiff apparently insisting on the amount of the judgment
as recovered in the court of common pleas. In Linton
v. Vogel, 98 Pa. 457, the claim was for damages for a

breach of contract where the judgment before the magistrate was $75, but in the declaration filed there was a count for damages amounting to $500, and evidence was offered tending to support the allegations of that count. A verdict was rendered in favor of the plaintiff for $140, an amount in excess of the jurisdiction of the justice. After the verdict the court permitted the plaintiff to amend by striking out $500 in the statement of claim and inserting $100, and then permitted the plaintiff to remit all of the verdict in excess of $100 whereupon judgment was entered for the latter amount. This was held to be erroneous for the reason that the defendant was not bound to anticipate or defend against a claim for damages exceeding $100, that he had a right to insist that damages exceeding the limit of the justice's jurisdiction should neither be claimed nor proved. The result of the proceeding in the court was to permit the plaintiff to reduce his original claim after the trial to bring it within the jurisdiction of the justice. This was in disregard of numerous decisions of the court of last resort. In the case before us we have a different state of facts. The only element entering into the question is that of interest, and as the plaintiff abandoned his claim and the court corrected the error as to the amount of the judgment, no harm has accrued to the defendant, nor has any rule of law been violated. We held in Ballingale v. Kite, 41 Pa. Superior Ct. 428, that while a plaintiff whose claim is in excess of the jurisdiction of the magistrate cannot demand less than that sum in order to give jurisdiction, this rule does not apply to interest as the plaintiff may relinquish that, it being no part of the cause of action to be litigated, but that it must be relinquished before the magistrate. In that case there was a finding of a judgment with interest, but that is not the situation in the case before us. We regard the whole cause of action as having existed at the commencement of the suit before the magistrate, and as the record now

stands, it was not varied by subsequent circumstances, the conclusion being warranted that interest was not claimed.

The judgment is affirmed.