J. I. Simon, Etc., Appellant, v. Paul W. Irwin, Etc.

Argued April 24, 1929.

Before Trexler,
Keller, Gawthrop, Cunningham and Baldrige, JJ.

*Barney Phillips,* for appellant.

*John A. Metz,* and with him *Walter J. Wagner,* for appellee, cited: Evans v. Hall, 45 Pa. 235; Zimmerman v. Snyder, 9 Superior Ct. 201.

Opinion by Keller, J., July 2, 1929:

There is no merit in this appeal. On August 1, 1927, Irwin brought suit in assumpsit against Simon in the county court of Allegheny County on a promis-

sory note for $1,200, with interest from August 20, 1923, a sum within the jurisdiction of that court, $1,500. The plaintiff indulged defendant from time to time in the filing of an answer to his statement, until September 12, 1928, when, after fair warning, judgment was entered against him for default of an answer. The prothonotary liquidated the amount by calculating interest from August 20, 1923, to the date of judgment, $364.40, making the total $1,564.40, an amount in excess of the jurisdiction of the court. The defendant moved the court to strike off the judgment, while the plaintiff prayed the court for leave to amend the judgment by waiving interest from the date of bringing suit, thereby reducing it to $284.16, and the judgment to $1,484.16. The court allowed the amendment and reduced the judgment to conform therewith. Defendant sued out a writ of certiorari to the court of common pleas which affirmed the judgment of the county court.

The action of the prothonotary was in the nature of a clerical error, which the court had inherent power to amend or rectify on its being called to its attention. As well stated by the learned President Judge of the common pleas, "The court had jurisdiction of the case because it had jurisdiction of the claim at the time suit was brought. The only care that the court had to exercise was not to enter judgment beyond the jurisdictional amount, and simply having made an error through praecipe of counsel for the plaintiff the court can certainly correct that error by reducing the judgment to the proper amount."

The enumeration of certain powers granted the county court in section 13 of the act creating it (Act of May 5, 1911, P. L. 198) did not deprive it of the power inherent in all courts of correcting their own judgments before appeal. In Darrah v. Warnock, 1 P. & W. 21, an appeal was taken to the common pleas

from a judgment before a justice of the peace and on the trial in court judgment was entered for an amount in excess of the jurisdiction of the justice. The defendant appealed to the Supreme Court on the ground that the recovery exceeded the justice's jurisdiction. The Supreme Court allowed the judgment to be reduced to an amount within the jurisdiction of the justice, and the plaintiff having released the excess at bar, the judgment was affirmed. While so much of the opinion in that case as refers to the right of a plaintiff to remit part of the principal of his claim in order to bring it within the jurisdiction of a justice has been departed from in later cases (Stroh v. Uhrich, 1 W. & S. 57; Collins v. Collins, 37 Pa. 387; Bower v. McCormick, 73 Pa. 427), the right of the plaintiff to waive interest is still recognized, (Evans v. Hall, 45 Pa. 235; Ballingall v. Kite, 41 Pa. Superior Ct. 428), and the action of the court in permitting the judgment to be reduced, if restricted to a waiver of interest, has not been overruled. In Goelz v. Eccleston, 83 Pa. Superior Ct. 284, judgment was entered in an action before a magistrate for $272.80. On appeal to the county court, the plaintiff filed a statement claiming $235.70 with interest from October 14, 1916. The trial resulted in a verdict and judgment for $333.51, a sum exceeding the jurisdiction of the magistrate, by including interest which apparently had been waived before the magistrate. The county court reduced the judgment to the principal sum claimed, $235.70; the common pleas sustained the county court and this court affirmed the judgment, treating the action of the court as an amendment of the record to conform to the facts exhibited in the transcript (p. 286). We have no doubt of the power of the court to make the correction along similar lines in this case.

The judgment is affirmed.