## Scranton Securities Company, Inc., v. Finnegan

Before Eagen and Robinson, JJ.

*Leslie H. Simons*, for plaintiff.

*James E. O'Brien*, for defendant.

ROBINSON, J., February 23, 1951.—Judgment in the above case was entered November 13, 1929, against defendant for want of a sufficient affidavit of defense.

Plaintiff now petitions to amend the judgment alleging that defendant has since married and that plaintiff desires the record to show the present name of defendant "in order that lien on the judgment may be revived and continued and execution on said judgment may be properly issued".

The Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, gave to the courts "power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party" and it has long been established that the courts of this Commonwealth have inherent power to correct their own judgments: Simon v. Irwin, etc., 96 Pa. Superior Ct. 298; 7 Standard Pa. Practice, sec. 15 et seq.

The difficulty with plaintiff's petition is that no error in the entry of the judgment is alleged and, indeed, from the record, the action was in all respects regular and free from mistake or omission. We are reluctant to hold that judgments may be amended from time to time by changing the names of the parties to the action merely because of a change in the status of a party occurring subsequent to the entry of the judgment, especially where there is a lapse of over 21 years after the entry of the judgment.

Plaintiff may accomplish the purposes of the petition by employment of a writ of scire facias to revive and continue the lien of the judgment, therein suggesting defendant's marriage, in accordance with the long-established practice in this county.

Now, February 23, 1951, the petition to amend the judgment is dismissed.