## Adams v. Coutts

Before Griffith, P. J., and McDonald, J.

*Ernest F. Walker*, for plaintiff.

*Gilbert E. Caroff*, for defendant.

McDonald, J., June 4, 1962.—Plaintiff recovered a judgment against defendant before a justice of the peace in the amount of $175 for damages to his automobile resulting from an accident which occurred December 8, 1961. The judgment was appealed to this court by defendant. Plaintiff filed a complaint claiming the sum of $175 as damages to his automobile, and in addition "a sum of money unliquidated for the loss of the use of his automobile during the time it would have been reasonably required to have it repaired."

Defendant filed preliminary objections in the nature of a motion to strike alleging several reasons for the grant of that motion. However, he has abandoned all but one of these; to wit, the common pleas court lacks jurisdiction of the appeal since the demand for unliquidated damages was not made before the justice of the peace.

Defendant argues the additional claim for loss of use is a change in the cause of action over that tried before the justice of the peace. With this we disagree. The cause of action is trespass vi et armis. The damage claimed for loss of use of plaintiff's automobile is a direct and immediate result of the force causing damage to the automobile. It is, therefore, a compensable item in such an action. Admittedly, there is some confusion in the law between the meaning of "cause of action" and "remedy and relief." A cause of action is the right to seek redress for a wrong done or the violation of a legal right; whereas, damages or relief are a part of the remedy. An enlargement of damages does not change the cause of action.

The trial on appeal from the judgment of a justice of the peace is de novo only as to the declaration, pleading and evidence. The cause of action may not be changed, nor may the common pleas court try issues of which it may have original jurisdiction, if they are not within the jurisdiction of the justice of the peace. However, "The amount of the damages stated on the docket of the justice did not bind either of the parties to that sum, or to a less or greater amount. They are only confined to the same cause of action. 3 Binn. 45; 10 Serg. & Rawle, 227": Millar v. Criswell, 3 Pa. 449.

The declaration or complaint may be amended to include damages beyond those adjudicated by the justice of the peace if the cause of action is not changed and the amount claimed is within his jurisdiction. In Linton v. Vogel, 98 Pa. 457, it was held that on appeal

from the judgment of a justice of the peace a verdict and judgment in excess of his jurisdiction was erroneous, even though the verdict was reduced to the jurisdictional amount, since defendant could not be called upon to anticipate or defend against such an excessive claim. While so holding, the court stated, on page 460, "It is not to be presumed that the plaintiff undervalued his own claim. *If the declaration had been amended before or during trial, and the testimony as to the damages had been kept within proper bounds we would not feel disposed to disturb the judgment,* but, as it is, we are of the opinion that it cannot be sustained." (Italics supplied.) In Shaw v. Squires, 153 Pa. 150, an excessive judgment was also reversed since no amendment was made. However, an amendment was allowed and judgment sustained in Elfenbein v. Schilberz, 17 D. & C. 2d 113, since the claim, although exceeding the judgment of the justice of the peace, was within the jurisdictional amount. There seems to be no question that an amendment increasing the amount over the judgment rendered by the justice of the peace may be made if it is within the jurisdictional amount. "It is unquestioned that on an appeal from a judgment of a justice of the peace the amount demanded by the plaintiff cannot be increased beyond the limits of the justice's jurisdiction except so far as to include interest which accrued after the institution of the suit . . .": Goelz v. Eccleston, 83 Pa. Superior Ct. 284.

In this case, the action being trespass vi et armis, the jurisdictional amount is $500: Act of July 7, 1879, P. L. 194, sec. 1, as amended December 9, 1955, P. L. 817, sec. 1, 42 PS §241. While plaintiff could have claimed for loss of the use of his automobile in such an action on the theory it was the immediate result of the force causing damages, such claim was not made before the justice of the peace. This, however, does not preclude it on appeal if, together with the damages to

the automobile, the claim does not exceed the jurisdictional amount for which the justice of the peace could render judgment.

Plaintiff in his brief states the claim, although unliquidated, will not exceed the jurisdiction of the justice of the peace. Defendant is entitled to know the precise amount claimed is not in excess. Therefore, so that he may adequately prepare his defense and so that the claim shall not exceed that amount, we will direct an amendment be made stating a sum certain.

### Order

Now, June 4, 1962, after argument and upon consideration of the record and briefs, the preliminary objections of defendant in the nature of a motion to strike the claim of plaintiff set forth in paragraph 10 of the complaint for an unliquidated sum of money for the loss of the use of his automobile is sustained, unless within 20 days from the date of this order plaintiff shall amend his complaint to a sum certain for said item of damages.